265 F.2d 157
 DELZONA CORPORATION
v.
Samuel SACKS, His Wife Sara E. Sacks, Sometimes Known as Rose Sacks, Edith Sacks Horowitz, Her Husband Sidney Horowitz, Rose Sacks Rubenstein, Her Husband Immanuel Rubenstein, Frederick Parks, Hughes Park Village, Inc., Louis Greenblatt, United Industrial Finance Corporation, J. W. Sparks & Co., Majestic Discount Company.
Samuel Sacks, His Wife Sara E. Sacks, Sometimes Known as Rose Sacks, Edith Sacks Horowitz, Her Husband Sidney Horowitz, Rose Sacks Rubenstein, Her Husband Immanuel Rubenstein, Hughes Park Village, Inc., Louis Greenblatt, United Industrial Finance Corporation, and Majestic Discount Company, Appellants.
 No. 12786.
 United States Court of Appeals Third Circuit.
 Argued February 18, 1959.
 Decided March 24, 1959.
 Rehearing Denied April 15, 1959.
 
 Jerome N. Berenson, Philadelphia, Pa. (Louis Greenblatt, Philadelphia, Pa., on the brief), for appellants.
 W. Bradley Ward, Philadelphia, Pa. (Edward W. Mullinix and Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., on the brief), for appellee.
 Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.
 GOODRICH, Circuit Judge.
 
 
 1
 This is an appeal from the refusal of the trial judge to relieve the appellant from a judgment. The judgment sought to be relieved from was entered on June 26, 1956. The motion to be relieved from the judgment was made on July 21, 1958. The application is under Rule 60(b) of the Federal Rules of Civil Procedure.[1] The ground relied upon must necessarily be the general reason given in number 6 of the rule, "any other reason justifying relief from the operation of the judgment."
 
 
 2
 This litigation is already excessively prolonged. It began in 1954; the complaint was filed on June 9th. The plaintiff corporation had an officer who was alleged to have embezzled a large quantity of its funds. And it was alleged that a large amount of these funds came into the hands of some of the defendants in this action who invested some of them in certain properties. It is not necessary that we follow step by step the intricate labyrinth of stipulations, motions, opposition to motions and so on. The question before us is confined to the propriety of the district court's action in refusing relief from the 1956 judgment. That judgment was entered pursuant to a stipulation among the parties. The stipulation provided in part, with a condition that time was of the essence, for settling the entire controversy by periodic payments totaling $500,000. Part of the money was paid in accordance with the arrangement. Subsequently, the defendants defaulted and the succeeding litigation has had to do with the consequence of that default.
 
 
 3
 Relief under Rule 60(b) is, in the first instance, a matter for the discretion of the trial court. Tozer v. Charles A. Krause Milling Co., 3 Cir., 1951, 189 F.2d 242. See also 7 Moore, Federal Practice ¶ 60.19 at pp. 222-23 (2d ed. 1955). We think Judge Lord was entirely within the proper limits of his discretion in denying relief to these appellants.
 
 
 4
 In the first place the motion was not timely. Rule 60(b) requires a motion to be made within a "reasonable time."[2]
 
 
 5
 Appellants' motion for relief in the court below asserted that the plaintiff, attempting to recover the amount of its judgment, was without authority to sell certain realty purchased with the embezzled funds. However, it is not denied that defendants in December, 1956, and January, 1957, cooperated in the sale of property in the tract known as Hughes Park, about which they now complain. They cooperated by delivering a mortgage necessary to the transfer of that property. Nor is it to be denied that they further cooperated by procuring a power of attorney for the same purpose.
 
 
 6
 We think that from January, 1957, to July, 1958, is too long a period to be regarded as a reasonable time. This is especially true in this case since the defendants, during all this time, were in possession of facts about which they now complain. One is hardly in a position to repudiate, a year and a half after it, the transaction in which he participated at the time.
 
 
 7
 What constitutes a "reasonable time" under Rule 60(b) is to be decided under the circumstances of each case. Nevertheless, it is worth pointing out that courts have imposed stricter time limitations than the one invoked here. Gilmore v. Hinman, 1951, 89 U.S.App. D.C. 165, 191 F.2d 652 (16 months); Mayfair Extension, Inc. v. Magee, 1957, 100 U.S.App.D.C. 48, 241 F.2d 453 (12 months); Kahle v. Amtorg Trading Corp., D.C.N.J.1952, 13 F.R.D. 107 (9 months); Helene Curtis Industries v. Dinerstein, D.C.E.D.N.Y.1955, 17 F.R.D. 223 (8 months).
 
 
 8
 Another reason for supporting the conclusion of the trial judge here is that the matter has been litigated and concluded heretofore. The trial judge made an order on December 2, 1957, requiring the defendants to convey certain lots in Hughes Park. December 12, 1957, the defendants filed a motion to vacate this order. The court decided against them by order of February 26, 1958, having before it at least the other ground alleged here which was directed to the price at which the sale mentioned above was made.[3] The appeal from that order was dismissed July 7, 1958. This establishes, we think, the law of the case and it not open to further litigation.[4]
 
 
 9
 Rule 52(a) of the Federal Rules of Civil Procedure does not require findings of fact and conclusions of law for cases arising under Rule 60(b).[5] Our own decision in Federal Deposit Ins. Corp. v. Alker, 3 Cir., 1956, 234 F.2d 113, is a completely different case from this one. The district court there had granted a new trial without deciding the question of its power to do so under Rule 60 (b) and without making any appraisal as to the sufficiency of the so-called after discovered evidence relied upon in the motion for relief. Compare Jones v. Jones, 7 Cir., 1954, 217 F.2d 239.
 
 
 10
 Here the motion presented no new facts. Nor in the recorded argument made by counsel for the defendants at the hearing is any new fact presented nor is there an offer of testimony to establish any new fact.[6] Counsel's opening paragraph in his address to the district court says, "I do not think that it is necessary for me to rehash all the facts, because I know that Your Honor is thoroughly familiar with all the facts. I may have occasion, however, to allude to one or two facts." The court responded, "I have been familiar with them for some years."
 
 
 11
 The motion came before the same judge who had patiently listened since 1954 to all the controversial points involved in this litigation. It was all familiar ground to him unless something new was to be brought in. And nothing was.
 
 
 12
 It is quite understandable how individual defendants themselves not guilty of the original embezzlement can wishfully hope for something to happen which will ease the pinch which the judgment here involves. This litigation should end now.
 
 
 13
 The judgment of the district court will be affirmed.
 
 
 14
 The appellee asks not only for costs but also for counsel fees in resisting the motion for relief here and in the court below. He recited to us In re Midland United Co., 3 Cir., 1944, 141 F.2d 692. That was an appeal in a bankruptcy case which the court considered frivolous and awarded counsel fees in addition to costs. We do not think that this case calls for the same treatment. The usual rule that parties carry their own counsel fees is to be followed here.
 
 
 
 Notes:
 
 
 [1]
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons * * * (5) * * * it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time * * *." Fed.R.Civ.P. 60(b), 28 U.S.C.A
 
 
 [2]
 There is in addition a definite time limit of one year on certain of the grounds which are not involved in this case. Fed. R.Civ.P. 60(b)
 
 
 [3]
 By the same token the issue of the plaintiff's authority to make the sale could have been raised at this juncture, but was not
 
 
 [4]
 In fact defendant's affidavit in support of its motion to vacate the December 2, 1957, order stated that it was entitled to relief under 60(b)
 
 
 [5]
 "* * * Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." Fed.R.Civ.P.52(a). Rule 41(b) requires findings where the court, sitting without a jury, renders judgment on the merits against the plaintiff at the close of the plaintiff's case. Fed.R.Civ.P. 41 (b); 5 Moore, Federal Practice ¶ 52.08 at p. 2674 (2d ed. 1951)
 
 
 [6]
 At one point in the last argument counsel for defendants did say to the court that subsequent to the sale of the property mentioned he had found another purchaser who would have paid more. It is to be noted, first, he did not make proffer of proof of the alleged fact; second, the agreement of sale had already been entered into by the plaintiff; and, third, this matter had been raised in the disposition of defendants' motion to vacate the order of December 2, 1957