320 F.2d 244
 Simon FRIEDMAN
v.
WILSON FREIGHT FORWARDING COMPANY and Fred Hitzeman
v.
O. STEINMAN, INC., Appellant in No. 14,294.
Simon FRIEDMAN
v.
WILSON FREIGHT FORWARDING COMPANY and Fred Hitzeman
v.
O. STEINMAN, INC., United Bonding Insurance Company of Indianapolis, Indiana, Appellant in No. 14,295.
 No. 14294.
 No. 14295.
 United States Court of Appeals Third Circuit.
 Argued June 13, 1963.
 Decided July 19, 1963.
 
 Bruce R. Martin, Pittsburgh, Pa. (Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for appellants.
 Samuel M. Rosenzweig, Pittsburgh, Pa. (Aaron Rosenzweig, Pittsburgh, Pa., on the brief), for other appellees.
 George I. Buckler, Pittsburgh, Pa., on the brief for appellee Fred Hitzeman.
 Before HASTIE, GANEY and SMITH, Circuit Judges.
 HASTIE, Circuit Judge.
 
 
 1
 O. Steinman, Inc., hereinafter called "Steinman", appeals from the district court's denial of its Rule 60(b) motion for relief from a judgment entered against it on February 23, 1961, in favor of Wilson Freight Forwarding Co., hereinafter called "Wilson".
 
 
 2
 This case began as an action for personal injuries. After a non-jury trial and the making of appropriate findings, the district court, on January 20, 1961, ordered that judgment in the amount of $65,000 be entered for the plaintiff against Fred Hitzeman, whose negligence caused the accident, and Wilson, Hitzeman's employer. The court further ordered that Wilson "has a right of contribution" against Steinman, a joint venturer with Hitzeman, and "may hereafter have judgment against the said Steinman, Inc. for the amount which it proves it has paid the plaintiff, Simon Friedman, in excess of the sum of $32,500 plus interest * * *." This order adjudicated liability over in a manner suggested by this court in Smith v. Whitmore, 3 Cir., 1959, 270 F.2d 741. The formal judgment against Hitzeman and Wilson for $65,000 was entered on January 24, 1961.
 
 
 3
 Subsequent docket entries, dated February 3, 8 and 22, 1961, show the filing by the plaintiff of a "Praecipe to Satisfy Judgment", the clerk's entry that "Judgment is hereby marked satisfied", and the filing by the plaintiff of a "Release and Receipt" reciting the payment of $65,000 by Wilson to the plaintiff.
 
 
 4
 On February 23, 1961, the unconditional judgment which is here challenged was entered in favor of Wilson against Steinman for $32,500. Steinman appealed from this judgment, but on December 5, 1961, this court dismissed that appeal for want of prosecution.
 
 
 5
 Steinman's motion under Rule 60(b) (4), (5) and (6), Federal Rules of Civil Procedure, for relief from the judgment of February 23, 1961, was made on March 15, 1962. It asserted that the judgment over was void because it had been entered against Steinman without a hearing and without proper proof of payment by Wilson to the plaintiff. In addition, the motion asserted that when the original judgment was marked satisfied as to both Wilson and Hitzeman, it ceased to be fair to enforce Steinman's obligation on the theory that its liability was secondary to and derivative from Hitzeman's.
 
 
 6
 At the hearing on this motion, Steinman made no request to introduce any evidence. There was an admission by counsel in open court that Wilson's insurer paid part of Wilson's judgment obligation and that Hitzeman was not insured. The district court denied the motion and Steinman appealed.
 
 
 7
 The district court concluded that Steinman's contention based upon the release of Hitzeman was without merit and, in any event, came too late. Without suggesting any disagreement with the district court's position on the merits, we hold merely that Steinman's contention is foreclosed.
 
 
 8
 Steinman received prompt notice of the entry of the judgment of February 23, 1961. At that time the docket entries and supporting papers which were part of the record of this case showed the evidence of payment upon which the court relied. These papers also showed the release of Hitzeman. If Steinman believed that, in these circumstances, the judgment was improper or inequitable, it could immediately have filed a motion under Rule 59, Federal Rules of Civil Procedure, to alter or amend the judgment. Instead, it waited 13 months to seek relief from the judgment under Rule 60. No excuse has been offered for this delay, although Rule 60 specifies that the extraordinary post-judgment relief which it provides must be sought "within a reasonable time". The court below concluded that Steinman had not moved within a reasonable time. Far from being an abuse of discretion, that conclusion was the only one rationally possible in the circumstances. Cf. Delzona Corp. v. Sacks, 3d Cir. 1959, 265 F.2d 157; Morse-Starrett Prod. Co. v. Steccone, 9th Cir. 1953, 205 F.2d 244; Gilmore v. Hinman, 1951, 89 U.S.App. D.C. 165, 191 F.2d 652.
 
 
 9
 Steinman's abortive appeal is also relevant in this connection. When that appeal was filed in March, 1961, the trial record showed the release of Hitzeman just as it does now. If Steinman wished, it could have made the contention on that appeal which it now advances. Instead, it failed to prosecute the appeal it had initiated. No excuse is offered for this dilatory conduct. On the record, therefore, we have inexcusable failure to raise an available contention by direct appeal followed by an attempt to litigate the matter later by a motion for postjudgment relief under Rule 60(b). This is not a proper use of Rule 60(b). Ackermann v. United States, 1950, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207.
 
 
 10
 There remains the contention that the judgment of February 23, 1961, is void because Steinman did not have notice or an opportunity to be heard before it was entered.
 
 
 11
 Steinman's basic legal obligation of contribution had already been properly determined, subject only to the payment of money by Wilson to the plaintiff. All that followed was administration of that basic decision. In this process, different from a trial, the court could assure itself in any reasonable way that Wilson had paid the plaintiff and, therefore, that the matter was ripe for an unqualified order that Steinman reimburse Wilson. The filing of the plaintiff's receipt and release as part of the postjudgment record was a normal and proper way of supplying the court with that assurance.
 
 
 12
 This does not mean that Steinman had no remedy if the court had acted on misinformation. A post-judgment motion under Rule 59 to alter the judgment, supported by evidence that Wilson had not paid, would have been appropriate. Since the rules thus afford an aggrieved party an adequate opportunity to be heard and to present evidence, failure to give Steinman notice and an opportunity to be heard before the court acted pursuant to the record showing that Wilson had paid plaintiff's claim in full did not make the unconditional order of contribution void. Cf. American Sur. Co. v. Baldwin, 1932, 287 U.S. 156, 168, 53 S.Ct. 98, 77 L.Ed. 231.
 
 
 13
 Once we reach the conclusion that the judgment was not void but, at most, subject to vacation upon a subsequent showing of mistake of misrepresentation, the failure of Steinman to raise that issue promptly, or to prove that the court was misinformed even in this tardy proceeding under Rule 60(b), is fatal to his claim. Steinman is in the same position procedurally on this contention as on the tardy claim that Hitzeman's release should abrogate the obligation of contribution.
 
 
 14
 The order denying the appellant O. Steinman, Inc., relief under Rule 60(b) and the judgment entered against the appellant United Bonding Insurance Co. as surety for Steinman's payment of the judgment of February 23, 1961, will both be affirmed.