**ALTONA CORPORATION, Plaintiff**

v.

**LILLIAN SMITH, Defendant**

Civil No. 646/78

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

July 31, 1979

493

JOHN A. ZEBEDEE, ESQ., St. Thomas, V.I., *for plaintiff*

FRANCIS B. JACKSON, ESQ., Legal Services of the Virgin Islands, St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

Defendant Lillian Smith has filed a motion for relief from judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, R. 60; 5 V.I.C. App. IV, R. 7. For the reasons expressed below the motion will be denied.

### I.

This action was tried on November 3, 1978, on plaintiff's complaint for possession of real property. Altona Corporation (Altona) was represented by counsel. The defendant appeared pro se, stating that she did not wish to be represented by an attorney. On cross-examination the defendant stated that she was not the owner of the land in question and that she had not paid rent for her occupancy of the property "since they stopped collecting." She also said that she was willing to leave the property, but that she was unable to find alternate suitable housing. As a result, the court granted plaintiff judgment and written findings of fact and conclusions of law and a judgment were signed on

November 13, 1978. The judgment required Ms. Smith to vacate the premises by December 1, 1978.

On December 5, 1978, the defendant moved for a stay of execution pursuant to 28 V.I.C. § 841(a) of the rent control law. On December 11, an order was issued requiring the defendant to show by what authority the court could rely on § 841(a) where it appeared that the property was not subject to the rent control law of the Virgin Islands, 28 V.I.C. § 831 et seq. No response having been submitted within the time allotted, the court entered an order on December 1978, denying the motion.

The court held

that the property at issue is not rent control property, and that therefore the defendant's reliance on 28 V.I.C. § 841a is misplaced.

On December 21, 1978, defendant filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6).[1] This motion was denied by memorandum opinion and order dated February 17, 1979. The present motion for relief from judgment was filed on April 17, 1979.

## II.

The defendant argues that the judgment of November 13, 1979, is void because the court lacked subject matter jurisdiction. She contends that the property at issue is rent control property and therefore a certificate of eviction is a jurisdictional prerequisite to plaintiff's cause of action. Alleging that Altona failed to obtain such a certificate, she argues the court exceeded its jurisdiction in rendering judgment against her.

Defendant's argument is premised on 28 V.I.R.&R. § 833–6(c), which requires landlords to obtain a certifi-

[1] In this motion the defendant stated she never received the court's order to show cause until after the time for replying had expired. That aside, her motion papers of December 21, 1978, never addressed the issue of the applicability of the rent control law as directed by the order of December 11, 1978.

cate of eviction from the price and rent control officer before filing an eviction action.[2] The regulation is, of course, applicable only to properties subject to rent control.

 The property before the court is not subject to the rent control law. The rent control law, as established by 28 V.I.C. § 831 et seq., applies only to property that is "rented or offered for rent," rent being "the consideration . . . for the use or occupancy of accommodations." 28 V.I.C. § 831.[3] Yet, the defendant by her own testimony clearly established that the property at issue had not been rented nor offered for rent since May 1961 when "they stopped collecting, well, I don't pay." In addition, the rent

[2] Title 28 V.I.C. § 833(1) authorizes the Rent Control Officer, with the approval of the Commissioner of Housing and Community Renewal, to promulgate rules and regulations "as he deems necessary for the proper administration" of the rent control law. 28 V.I.R.& R. § 833–6(c) provides in part:

(c) A certificate of eviction from the Price and Rent Control Officer permitting the landlord to pursue his remedies at law at the expiration of the waiting period specified in this subsection shall be required in all cases after careful inquiry to determine the good faith of the landlord and that the eviction would not be inconsistent with the purposes of this section.

Certificates issued pursuant to this section shall authorize the landlord to commence proceedings to remove or evict the tenant at the expiration of three months from the date of issuance of the certificate of eviction by the Price and Rent Control Officer. Where the Price and Rent Control Officer finds that equivalent accommodations are available for rent into which the tenant can move without substantial hardship or loss, or that undue hardship would result to the landlord, a certificate may be issued and may authorize the landlord to pursue his remedies for removal or eviction of the tenant at the expiration of a period shorter than such waiting period.

[3] Title 28 V.I.C. § 831 provides:

As used in this subchapter, unless it is otherwise provided or the context requires a different construction, application, or meaning—

"accommodations" means any building, structure or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living, dwelling, or for business purposes in the Virgin Islands, including land rented for the location of a superficiary house;

"landlord" includes an owner, lessor, sub-lessor, or other person entitled to receive rent for the use or occupancy of any housing or business accommodations;

"maximum rent ceiling" means the maximum rent which may be demanded or received for the use or occupancy of accommodations;

"rent" means the consideration, including any bonus, benefit, or gratuity demanded or received per day, week, month, year, or other period of time, as the case may be, for the use or occupancy of accommodations; and

"tenant" includes a sub-tenant, lessee, sub-lessee, or other person entitled to the use or occupancy of any housing or business accommodations, other than the owner.

control law anticipates the existence of both a "landlord," who is "entitled to receive rent for the use of accommodations," and a "tenant," who is "entitled to the use or occupancy of accommodations." Entitlement to use or occupancy, within the context of the rent control law, can be obtained only through the payment of rent. On the facts before the court the defendant is not entitled to use or occupancy and cannot be considered a "tenant" within the law since she has not paid rent for more than 18 years.[4]

■ Defendant suggests that a finding that the property at issue is not subject to the rent control law will seriously undermine the efficacy of the law. She contends that such a holding will result in the law easily being destroyed by a landlord simply transferring property to another party, who then could refuse to accept rent from tenants and thereby alter the landlord-tenant relationship. The effect, she argues, will be to remove true rent control property from the protection of the rent control law. If such a practice were permitted, the legislative purpose behind the rent control law clearly would be defeated.

This argument, however, proves too much. In the present matter Altona has not received rent for some 18 years. It

---

[4] Ms. Smith's contention that she is a tenant also is severely undermined by the fact that subsequent to the judgment in this action Ms. Smith filed an adverse possession action against Altona, Civil No. 11/79. This action resulted in a consent judgment by which Ms. Smith agreed to vacate the premises on or before June 4, 1979. This apparently has not yet been accomplished.

Moreover, to the extent that the equities of the case are relevant, see, e.g., 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2857, at 157 (1973) ("a motion for relief from a judgment under Rule 60(b) is addressed to the discretion of the court"), the court believes that Ms. Smith is in a most inequitable posture. Although she claims to be a "tenant" for purposes of this motion, her own sworn testimony before another judge of this court reveals that while she has not been paying rent, she has been collecting rent from others who have lived on the property since 1961. Defendant's Exhibit H at 4–5. This was not done pursuant to any sublease as Ms. Smith did not have a lease. Rather, it appears that she collected rent simply because Altona failed to do so. This hardly comports with the notion of her being a "tenant," which she presses so vigorously in her motion.

did not, however, pray for recovery of rent for those years; it merely sought possession of the premises. It would be ludicrous for this court to take seriously the suggestion that Altona has waived its right to rent for nearly two decades solely to circumvent the requirements of the rent control law. Other cases will be decided on a case by case basis.

■ Accordingly, since Lillian Smith is not a "tenant" within the meaning of the rent control law and the property is not subject to the law, a certificate of eviction was not a jurisdictional prerequisite to Altona's maintaining this action for eviction.[5]

## III.

■ One final point merits mention. Defendant's Rule 60(b)(4) motion was filed on April 17, 1979, nearly four months after the filing of defendant's Rule 60(b)(6) motion and more than four months after the court held that the subject property was not rent control property. Under the rule, a motion for relief from judgment must be made within "a reasonable time." Although there is authority to the contrary, this court believes that the "reasonable time" requirement of Rule 60 applies with as much force to motions made pursuant to 60(b)(4) as it does to motions

---

[5] Even if Ms. Smith were a "tenant" of Altona, her contention would be without merit. The authority of the rent control officer extends to the promulgation of "such rules and regulations as he deems necessary for the proper administration" of the rent control law. 28 V.I.C. § 833. Pursuant to this grant of authority the rent control office has determined that the proper administration of the rent control law requires that landlords first obtain administrative certificates of eviction before seeking to recover rent control property. A tenant against whom an action for eviction is filed may, of course, affirmatively assert failure of the landlord to obtain a certificate of eviction and thereby preclude the landlord from recovering possession. This, however, would not divest the court of jurisdiction because this court has jurisdiction over "all civil actions wherein the matter in controversy . . . does not exceed the sum of $50,000," 4 V.I.C. § 76(a). Nothing in the Virgin Islands Code makes a certificate of eviction a jurisdictional prerequisite. Clearly, the rent control officer does not have the authority to expand or contract this court's jurisdiction. Only the Legislature has the authority to determine this court's jurisdiction.

made under 60(b)(1)–(3), (5) and (6).[6] This is the clear and literal import of the rule, and the holding of the undersigned when he had occasion to sit as a district court judge by designation. Hodge v. Hodge, 15 V.I. 154 (D.V.I. 1979), at 168.

 The instant motion was not made within a reasonable time. Defendant had an opportunity specifically to contest this court's jurisdiction and pray for relief from the judgment in response to the court's December 11 Order to show cause. No response was received. Defendant had another opportunity to raise her 60(b)(4) argument in combination with her 60(b)(6) motion. Again, this was not done even though the defendant had knowledge of the alleged grounds for relief. The court believes that Altona, having once secured a judgment, should not be subjected to unremitting guerrilla warfare in the form of a succession of 60(b) motions. Accordingly the motion is denied.

### ORDER

The court having rendered its Memorandum Opinion this date, it is

ORDERED that defendant's Motion for Relief from Judgment be and hereby is denied.

---

[6] See 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2862, at 197 (1973). There the view is expressed that there is no time limit to Rule 60(b) motions and that the "reasonable time" requirement cannot be enforced with regard to a motion made under this clause. No Third Circuit or Virgin Islands District Court decision is cited in support of this proposition. Accordingly, this court is free to reject the views of even such eminent scholars as Wright and Miller. The court has carefully studied the decisions cited by Wright and Miller in support of their position, but the court is not persuaded. Two opinions, Bookout v. Breck, 354 F.2d 823 (9th Cir. 1965), and United States v. Melichar, 56 F.R.D. 49 (E.D. Wisc. 1972), do not stand for the proposition stated in the text. In Bookout v. Breck, supra, the court found that the 60(b)(4) motion was made within a reasonable time and declined to state that in all circumstances no reasonable time requirement could be imposed. Two others, Crosby v. Bradstreet Co., 312 F.2d 483 (2d Cir. 1963), cert. denied, 373 U.S. 911 (1963) and United States v. Williams, 109 F.Supp. 456 (D. Ark. 1952), make no holding on the issue. The other decisions cited contain no discussion of the question, only the mere statement that the reasonable time requirement does not apply to 60(b)(4) motions.