JOYCE HODGE, Plaintiff

v.

STEDMANN HODGE, Defendant

Civil No. 363/1967

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 7, 1979

MARIA TANKENSON HODGE, ESQ., St. Thomas, V.I., *for defendant*

VICTOR G. SCHNEIDER, ESQ., St. Thomas, V.I., *for plaintiff*

FEUERZEIG, *Judge*[*]

### MEMORANDUM OPINION

■ Defendant, Stedmann Hodge, has filed a motion to amend this Court's opinion and order of February 20, 1979,[1] and asks this Court to reconsider its order specifically with respect to:

1. The Court's conclusion that the defendant is guilty of laches,

2. the defendant's right to reasonable compensation for his services as trustee, and

3. the defendant's right to occupy one apartment at the trust premises rent free for the remainder of his life.

### Laches

■ Defendant says the court misconstrued the law on laches because laches entails not only an unreasonable delay in asserting one's claim but also a showing that such delay worked to the prejudice of the other party. The Court agrees that these are the elements of laches. Schindel v.

---

[*] Territorial Court Judge of the Virgin Islands sitting as District Court Judge by designation.

[1] Defendant's motion is founded on Rule 59(e) of Federal Rules of Civil Procedure, 5 V.I.C. App. I, R. 59, made applicable to this court pursuant to 5 V.I.C. App. IV, Rules 7 and 50, and "the inherent power of the court to amend interlocutory orders". Pursuant to Rule 59(e), motions to alter or amend judgments must be served not later than 10 days after entry of the judgment. The 10-day limit is jurisdictional, see, e.g., Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 98 S.Ct. 556, 560 n.7 (1978), and may not be extended by the court. Fed. R. Civ. P. 6(b); Stradley v. Cortez, 518 F.2d 488 (3d Cir. 1975); Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469 (3d Cir. 1962); John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co., 239 F.2d 815 (3d Cir. 1956); 11 C. Wright and A. Miller, Federal Practice and Procedure, Civil § 2812, at 83–84 (1973). Orders denying Rule 60(b) motions are "judgments" within the meaning of Rules 59(e) and 54 and are appealable. Browder v. Director, Department of Corrections of Illinois, supra; 11 Wright and Miller, supra, § 2871 at 258. Although the defendant's Rule 59(e) motion was not served on the plaintiff until February 20, 1979, 11 days after the entry of judgment, February 19 was a legal holiday and thus excluded from computation of the time period. Therefore, the court treats it as a 59(e) motion, which is timely filed.

Pelican Beach, Inc., 16 V.I. 237 (Terr. Ct. 1979); see also Costello v. United States, 365 U.S. 265 (1961); Czaplicki v. The S.S. Hoegh Silvercloud, 351 U.S. 525 (1956); Holmberg v. Armbrecht, 327 U.S. 392 (1946).

■ The difficulty with defendant's argument, however, is that the Court's decision was not based on laches. The Court did state in footnote 5 of its February 9 memorandum opinion that the "defendant in this case is barred by laches". Defendant, however, was not denied the relief he sought because of his laches, but because he did not meet the requirements of either 16 V.I.C. § 110 or Rule 60(b) (4)–(6).

Pursuant to 16 V.I.C. § 110 the movant must show

such a substantial and continuing change in circumstances since the entry of the original decree as to make a continued enforcement of that decree unfair.

Viles v. Viles, 4 V.I. 415, 421, 316 F.2d 31, 34 (3d Cir. 1963). The only change that defendant demonstrated was a change in his knowledge of the circumstances regarding the true ownership of the property. This the Court found to be insufficient to meet the requirements of § 110 as enunciated by Viles. Thus, with respect to the defendant's entitlement to relief under § 110, the Court did not rely on laches.

■■ Nor was laches relied on in the Court's analysis of Rule 60(b) relief. To obtain relief under Rule 60(b), a motion must be made within a "reasonable time".[2] In determining whether a motion is made within a "reasonable time", the Court must consider all the circumstances of each case. This includes whether the moving party had a

---

[2] In its February 9 memorandum the Court held that motions made pursuant to Rule 60(b) must be made within a reasonable time. Although the Court is aware of authority to the contrary insofar as a Rule 60(b)(4) motion, see Altona Corp. v. Lillian Smith, 16 V.I. 492 (Terr. Ct. 1979), the Court adheres to the view that the "reasonable time" requirement of Rule 60(b) applies to motions made pursuant to Rule 60(b)(4).

good reason for failing to act sooner. 11 Wright & Miller, supra, § 2866 at 228–29. See Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959); accord Friedman v. Wilson Freight Forwarding Co., 320 F.2d 244 (3d Cir. 1963). It may also include whether the delay resulted in prejudice to the opposing party.

 Defendant argues presuasively in his motion that his delay in moving for Rule 60(b) relief did not prejudice the opposing party. Defendant has not, however, persuaded the Court that he had a good reason for failing to act sooner.[3] In the present case, the defendant waited eight years before moving for Rule 60(b) relief. He contends that he did not move sooner because he did not know that the property was, in fact, in his name rather than in the parties' joint names as he had assumed at the time of the entry of the decree. The Court, while sympathetic to Mr. Hodge's plight, cannot accept this as a good reason for his failure to move sooner, and thus concludes that the Rule 60(b) motion was not made within a reasonable time. Moreover, even if it were made within a reasonable time, the denial of relief under Rule 60(b) was based on several grounds and not only on defendant's failure to file within a reasonable time. See Hodge v. Hodge, 15 V.I. 154, 164–170 (D.V.I. 1979).

Accordingly, the Court concludes that there is no need to amend its February 9 memorandum with respect to the reference to laches. Removal of the reference to laches from the Court's opinion would in no way affect the defendant's entitlement to relief under either 16 V.I.C. § 110 or Rule 60(b).[4]

---

[3] Because of this holding, the Court does not consider whether the parties' children would be prejudiced and what if any effect that would have on the matter.

[4] If it gives the defendant any comfort, the Court will concede that footnote 5 of the February 9, 1979, opinion is pure dicta.

Defendant also seeks a declaration that (1) he is entitled to reasonable compensation for the services he rendered as trustee, see Restatement (Second) of Trusts § 242 (1959) and that (2) he has a right to rent-free occupancy of one of the apartments of the trust property for the rest of his life. Clearly the defendant is entitled to compensation for his duties. Section 242 of the Restatement (Second) of Trusts provides in part:

the trustee is entitled to compensation out of the trust estate for his services as trustee, unless it is otherwise provided by the terms of the trust. . . .

Comment f of this section further states:

If by the terms of the trust it is provided that the trustee shall receive a certain amount as compensation for his services as trustee, he is ordinarily entitled to that amount and, unless it is otherwise provided, he is ordinarily entitled only to that amount.

In this case the Court believes that when the parties established the trust they fixed both the mode and extent of the trustee's compensation. As compensation the trustee was to receive the right of occupancy of one of the apartments of the trust res. The agreement as worked out by the parties and stated in open court provides:

Mrs. [Edith] Bornn: . . . The parties have agreed that the title which they jointly hold to Parcel No. 31-1[5] Estate Thomas, in St. Thomas, Virgin Islands, shall be transferred to the husband in trust for the two minor children. That husband shall have the duty of management of this property in his capacity as trustee and shall maintain a bank account for monies collected from rent from said property and shall account for said monies on a basis as agreed upon in said agreement. Wife agrees that husband shall have the right to occupy one apartment personally free of charge—free of rent. It is further agreed that the husband shall have the right, as trustee, to hypothecate funds [sic] the trust account for the sole

---

[5] The Court notes that although the decree and the record state Parcel No. 31-1, the deed shows the correct number is Parcel No. 13-1, and an order will issue amending the decree in that respect.

purpose of improvements to the said real property, which improvements shall inure to the benefit of the children, and, further, that prior to hypothecating the trust account, notice shall be given to wife, together with a detailed statement of improvements proposed—

When these four quoted sentences are read together, they (1) establish the trust, (2) designate the trustee and beneficiaries, (3) delineate the trustee's rights and duties, and (4) specify the agreed-upon mode of the trustee's compensation. This language reflects an agreement by the parties that Mr. Hodge's only compensation as trustee would be his right of occupancy.

▇ Furthermore, the right to occupy one of the apartments rent-free is a possessory interest that is personal to Mr. Hodge *as trustee* and, therefore, ends on the termination of the trust. Mr. Hodge argues in his motion to amend that "there was no indication that this right to occupancy was dependent upon his status as trustee". There is, however, nothing in the four corners of the trust agreement that points to any other basis for this right of occupancy. By using the words "right to occupy", "free of charge" and "free of rent", the parties merely spelled out the trustee's compensation.

▇ ▇ Ordinarily when a trust terminates, a trustee's duties as well as his right to further compensation terminate. In this case, the trust limited the trustee's compensation to the life of the trust by expressly providing that upon the emancipation of the youngest child "the trust shall terminate and title vest in said children". The Court cannot find language in the trust that supports the conclusion that the parties intended to extend the trustee's right to compensation beyond the life of the trust by carving out a fee simple interest in one apartment of the property. While, as Mr. Hodge alleges, it may be equitable that he have such a right of occupancy, the Court knows of no

authority, and Mr. Hodge cites the Court to no authority in his motion to amend, by which this Court can rewrite a trust agreement now ten years after its inception to create such a right.

Accordingly, the Court concludes that the defendant's right to occupy one of the apartments of the trust res is, in fact, his sole and exclusive compensation for his obligations under the trust and that this right of occupancy exists only as long as the trust exists.

## ORDER

This Court having entered a memorandum opinion in the above cause of action this date, it is

ORDERED that defendant's motion to amend this Court's memorandum opinion and order of February 9, 1979, be and hereby is denied, and it is further

ORDERED that the decree of the District Court dated January 23, 1969, and signed by Francis L. Van Dusen, be amended in paragraph 5 by striking "Parcel No. 31-1, Estate Thomas, St. Thomas, Virgin Islands", and inserting in lieu thereof "Plot No. 13-1 of Estate Thomas, 6E New Quarter, St. Thomas, Virgin Islands", and it is further

ORDERED that the findings of fact and conclusions of law dated January 23, 1969, signed by Francis L. Van Dusen, Judge of the District Court sitting by designation, shall also be amended in paragraph 3 by striking "Parcel No. 31-1, Estate Thomas, St. Thomas, Virgin Islands", and inserting in lieu thereof "Plot No. 13-1 of Estate Thomas, 6E New Quarter, St. Thomas, Virgin Islands", and it is further

ORDERED that this Court's memorandum opinion of February 9, 1979, and order of the same date also is amended to strike any references to Parcel 31-1 Estate Thomas and insert in lieu thereof Plot No. 13-1 of Estate Thomas, 6E New Quarter, St. Thomas, Virgin Islands, and it is further

ORDERED that counsel for plaintiff cause a copy of the decree of January 23, 1969, this Court's order of February 9, 1979, and this order to be recorded with the Recorder of Deeds Office.