UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted May 9, 2005[*]
Decided May 23, 2005

Before

Hon. THOMAS E. FAIRCHILD, Circuit Judge

Hon. RICHARD A. POSNER, Circuit Judge

Hon. MICHAEL S. KANNE, Circuit Judge

No. 04-3031

| | |
|---|---|
| CHRISTOPHER HOLLY,<br>    Plaintiff-Appellant,<br><br>    v.<br><br>DIMITROS PATRIANAKOS, et al.,<br>    Defendants-Appellees. | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>No. 02 C 4593<br><br>Ruben Castillo,<br>Judge. |

O R D E R

Illinois inmate Christopher Holly appeals the denial of his second motion under Federal Rule of Civil Procedure 60(b) attacking the settlement agreement reached by the parties in case no. 02 C 4593, a civil rights suit he filed in 2002. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

Holly claimed in his lawsuit that he was denied adequate medical care while he was confined in the Cook County jail as a pretrial detainee. In April 2003, after being informed that the parties had negotiated a settlement, the district court dismissed the suit "without prejudice subject to a dismissal with prejudice upon the filing of an appropriate stipulation." The settlement included as one of its terms that Holly would release his claims at issue in appeal no. 03-1567, another case in this court arising from one of Holly's suits. Holly later signed a release that specifically mentioned the pending appeal, but nonetheless continued to prosecute it in this court. Then, nearly a year after the dismissal of his complaint, Holly filed his first motion under Rule 60(b) seeking to set aside the settlement on the grounds that his appointed lawyer had been negligent in prosecuting his lawsuit, and that the magistrate judge who supervised the negotiations had railroaded him into agreeing to dismiss appeal no. 03-1567 as part of the settlement. The district court denied this motion in April 2004, explaining that the settlement agreement had been fairly reached and that neither ground asserted by Holly justified setting it aside. Holly did not appeal that decision, and instead he sought and was given an extension of time to file a "Motion for Reconsideration." In that motion, filed eight weeks later in June 2004, Holly repeated his argument that he was coerced into agreeing to dismiss appeal no. 03-1567. The district court again denied his motion, and this appeal followed.

Although the parties never acted on the district court's invitation to seek conversion of the dismissal to one with prejudice, the April 2003 order was a final decision that ended Holly's lawsuit. Whether with or without prejudice, a dismissal is final for purposes of appeal if the district court "has finished with the case." Hill v. Potter, 352 F.3d 1142, 1144-45 (7th Cir. 2003); see also Shah v. Inter-Cont'l Hotel Chi. Operating Corp., 314 F.3d 278, 281 (7th Cir. 2002). Here the district court did all it intended to do in the absence of a further request from the parties when it dismissed the suit. Nothing in its order suggests that the court intended to condition the dismissal on the parties entering a stipulation that the dismissal be with prejudice. In practical effect the dismissal may act as one with prejudice since the settlement agreement, and the release that he signed, bound Holly to a dismissal with prejudice, see Golden v. Barenborg, 53 F.3d 866, 868-69 (7th Cir. 1995), but the dismissal was still final whether or not preclusive, see Hill, 352 F.3d at 1144-45. Moreover, the finality of the dismissal was not impaired by the absence of a separate document setting forth the judgment as required by Federal Rule of Civil Procedure 58. See Fed. R. App. P. 4(a)(7) (failure to comply with separate document requirement of Rule 58 has no effect on finality of decision once 150 days have lapsed); TDK Elecs. Corp. v. Draiman, 321 F.3d 677, 679-80 (7th Cir. 2003). Thus Holly's motions are just what they purport to be—postjudgment motions arising under Rule 60(b).

Rule 60(b) permits a district court to set aside a judgment on any number of grounds, e.g., mistake, excusable neglect, or newly discovered evidence, but the rule is not a substitute for an appeal, or a means of extending the time for appellate review. Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002); Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2001); Neuberg v. Michael Reese Hosp. Found., 123 F.3d 951, 955 (7th Cir. 1997). And that is all that Holly seeks to do here. The parties settled, and the district court dismissed, Holly's lawsuit in 2003. Rule 60(b) is not a vehicle to press arguments that Holly bypassed when he chose not to appeal that dismissal. Gleash, 308 F.3d at 761. And even if there had been legitimate grounds for Holly to attack the settlement by way of Rule 60(b), he used up that opportunity when he filed his first Rule 60(b) motion in March 2003. If he was unhappy with the district court's ruling on that motion, his remedy was to appeal to this court, Madej v. Briley, 371 F.3d 898, 899 (7th Cir. 2004), not to file a second Rule 60(b) motion raising the identical argument. While Holly labeled his June 2004 motion as one for "reconsideration," it was indeed a second Rule 60(b) motion because it was filed more than 10 business days after the denial of the first (the extension of time to file a motion for reconsideration, of course, being ineffectual, see Fed. R. Civ. P. 6(b), 59(e); Talano v. Northwestern Med. Faculty Found., Inc., 273 F.3d 757, 761 (7th Cir. 2001)). The point of the second motion was to gain an untimely appeal from the denial of the first, see Gleash, 308 F.3d at 761; Bell, 214 F.3d at 800; Holly was not entitled to succeed, and accordingly we AFFIRM the district court's order.