**TEDROY GORDON, Plaintiff**

**v.**

**DAVID MONOSON, Defendant**

Civil No. 1984-260

District Court of the Virgin Islands

Division of St. Thomas and St. John

May 26, 2006

*For Plaintiff*: GEORGE M. MILLER, ESQ., St. Thomas, U.S.V.I.

*For Defendant*: CHARLES S. RUSSELL, Esq., St. Thomas, U.S.V.I.

GOMEZ, *Judge*

## MEMORANDUM OPINION

(May 26, 2006)

Before the Court is the motion of defendant David Monoson ("Monoson") to vacate a 1988 judgment against him pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6). Monoson also seeks to quash a writ of execution brought against him by the plaintiff, Tedroy

Gordon ("Gordon"), and to stay enforcement of the 1988 judgment pending the outcome of this motion.

## I. FACTS

On July 3, 1984, Gordon filed a complaint against Monoson and Eric Berry ("Berry"), both of whom were Virgin Islands police officers at the time, and the Government of the Virgin Islands ("GVI"). Gordon alleged that Monoson and Berry assaulted Gordon while the officers were off duty, in violation of 42 U.S.C. § 1983 ("Section 1983"). On November 6, 1987, this Court granted a motion by the GVI to be dismissed as a party. The Court also relieved the GVI from any obligation to provide Monoson and Berry with counsel.[1]

Thereafter, a jury trial in this case was held on June 10, 1988. Monoson and Berry did not attend the trial, but they were represented by Attorney Leonard B. Francis. The jury returned a verdict in favor of Gordon in the sum of $50,000, for which Monoson and Berry were held jointly and severally liable (the "1988 judgment").

On June 27, 1988, Attorney Francis filed a post-trial motion (the "1988 motion") on behalf of Monoson and Berry, seeking relief from the judgment and remittitur pursuant to Federal Rules of Civil Procedure 60(a), 60(b), and 59(e). In the 1988 motion, Monoson and Berry argued that the 1988 judgment was unsupported by the facts. They also argued that they were denied their due process rights because they did not receive notice of the trial, and because they were not provided with government counsel. This Court denied Monoson and Berry's 1988 motion in a January 19, 1989, order. Neither Monoson nor Berry appealed the Court's ruling.

A writ of execution on the judgment was issued against Monoson and Berry on March 8, 1989. Monoson claims he did not receive this writ because it was served upon the Virgin Islands Police Academy. He avers that he did not work for the Virgin Islands Police Department at that time.

On January 25, 2005, Gordon moved for a writ of execution against Monoson to collect on the 1988 judgment. This Court granted the motion and a writ of execution was issued on April 21, 2005. On May 3, 2005, Monoson filed a motion to quash the writ of execution. Monoson's

---

[1]   Neither Monoson nor Berry challenged the dismissal of the GVI as a party.

motion also requested that he be relieved from the 1988 judgment, pursuant to Federal Rule of Civil Procedure 60(b). A hearing on this motion was held on December 2, 2005.[2]

Monoson contends that the 1988 judgment is void and must be set aside because: (1) he did not receive notice of the trial date; (2) the GVI did not provide him with an adequate defense; and (3) this Court did not independently determine that it had subject matter jurisdiction after it dismissed the GVI. Monoson also argues that the judgment must be set aside due to extraordinary circumstances.

## II. DISCUSSION

A party may be relieved from a judgment pursuant to Federal Rule of Civil Procedure 60(b) if it is void, or for "any other reason justifying relief." FED. R. CIV. P. 60(b)(4), (6). However, to survive, such a motion must first be timely. *See Martinez-McBean v. Gov't of the V.I.*, 562 F.2d 908, 913 n.7, 14 V.I. 79 (3d Cir. 1977) (noting that Rule 60(b)(6) motions must be made within a "reasonable time"); *Hodge v. Hodge*, 16 V.I. 399, 403, n.2 (D.V.I. 1979) (holding that the "reasonable time" requirement attaches to a Rule 60(b)(4) motion).

> What constitutes [a] 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties.

*Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1998) (quoting *Devon v. Vaughn*, Civ. Action No. 94-2534, 1995 U.S. Dist. LEXIS 5559, at *2 (E.D. Pa. Apr. 27, 1995) (unpublished)).

---

[2] Before the proceeding commenced, the Court called the parties to sidebar to inform the parties that the presiding judge's legal assistant advised the Court on the morning of the hearing that the legal assistant had learned the night before the hearing that her husband had been summoned as a witness for the hearing. Upon consideration of the Code of Judicial Conduct (2003), section 455(a) of title 28 of the United States Code, and the relevant caselaw, *see, e.g., Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1263 (3d Cir. 1977) (holding that trial judge acquainted with a witness need not recuse himself where he has no knowledge of the disputed facts), this Court concluded that the witness would present no conflict for the Court. Even so, with an abundance of caution, the Court inquired if the parties had any objections or concerns. The parties informed the Court that they had none.

Rule 60 motions must also present new claims to the Court. *See, e.g., Murray v. District of Columbia*, 311 U.S. App. D.C. 204, 52 F.3d 353, 356 (D.C. Cir. 1995) (affirming denial of a second Rule 60 motion which raised "the same issue presented in the first [Rule 60] motion" because it was "nothing more than an untimely appeal of [the] first motion"); *see also Holly v. Patrianakos*, 137 Fed. Appx. 883, 885 (7th Cir. May 9, 2005) (unpublished) ("If he was unhappy with the district court's ruling on that motion, his remedy was to appeal to this court, not to file a second Rule 60(b) motion raising the identical argument.") (internal citation omitted).

A court's subject matter jurisdiction may be challenged at any time during the course of litigation. *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 740, 96 S. Ct. 1202, 47 L. Ed. 2d 435 (1976).

## III. ANALYSIS

### A. Subject-Matter Jurisdiction

Monoson argues that the Court's dismissal of the GVI constituted a dismissal of Gordon's federal claim and that this Court should have addressed whether to retain jurisdiction over the matter. Monoson's argument, however, lacks support in law.

Gordon's complaint alleged Section 1983 violations against the GVI and against Monoson and Berry. The Section 1983 claims against Monoson and Berry were unaffected by the dismissal of the GVI. *See Hafer v. Melo*, 502 U.S. 21, 30, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (holding that plaintiffs may maintain Section 1983 claims against state officers in their individual capacity where the government is not a party). Because those claims arise under the laws of the United States, they are properly before this Court. *See McKee v. Hart*, 436 F.3d 165, 168 (3d Cir. 2006) ("The District Court had federal question jurisdiction over [the plaintiff's] 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1331."). Accordingly, this Court retained federal question jurisdiction over Gordon's Section 1983 claims against Monoson and Berry after the GVI was dismissed as a party.

### B. Timeliness of Monoson's *Rule 60* Claims

Motions seeking relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(4), 60(b)(6) must be made "within a reasonable

time." FED. R. CIV. P. 60; *see also Christian v. 9A Newfound Bay*, 277 F. Supp. 2d 610, 618 n.4 (D.V.I. 2003) (noting that "while relief under subsections (3) through (6) [of Rule 60] is not limited by any strictly defined time period, motions brought under those sections will only be considered if filed 'within a reasonable time' after the entry of judgment"). Applying this standard, courts have denied as untimely Rule 60(b) motions filed as few as thirteen months after a judgment was entered. *See, e.g., Friedman v. Wilson Freight Forwarding Co.*, 320 F.2d 244, 246 (3d Cir. 1963) (upholding the denial of a Rule 60(b) motion filed thirteen months after judgment); *see also United States v. Dailide*, 316 F.3d 611, 617-18 (6th Cir. 2003) (holding that a Rule 60(b)(4) motion filed four years after the judgment was untimely) (citations omitted); *Moolenaar v. Government of Virgin Islands*, 822 F.2d 1342 (3d Cir. 1987) (upholding the dismissal of a Rule 60(b)(6) motion filed "almost two years after the district court's initial judgment"); *Christian*, 277 F. Supp. 2d at 618 (denying a Rule 60(b)(6) motion made nine years after judgment); *Hodge*, 16 V.I. at 403-04 (holding that an eight-year delay in filing Rule 60(b) motion rendered the motion untimely).

■ Monoson's seventeen-year delay is well within the category of Rule 60(b) filings that have been found to be untimely. Indeed, Monoson has provided no legally valid reason for his seventeen-year delay. Remarkably, the Court is left with the coincidence that the only significant event preceding Monoson's untimely motion was Gordon's attempt to execute on the judgment. Accordingly, this Court is unconvinced that Monoson has presented a timely Rule 60(b) motion. *See, e.g., Murray*, 52 F.3d at 356 ("Appellants' attempt to appeal the denial of [a] second [Rule 60(b)] motion is [ ] nothing more than an untimely appeal of their first motion, and we will not indulge the ruse.")

Even if Monoson's motion were timely, the other bases for relief are legally unsupported.

## C. Monoson's Due Process Claims

Monoson also argues that the 1988 judgment violated his due process rights and is void because he did not receive notice of the 1988 trial. However, Monoson raised the precise argument he currently makes regarding the alleged due process violations in his 1988 post-trial motion:

·Finally, defendant[] was not served for this proceeding and was under the impression that the Government attorney may provide a defense.

(1988 Mot. at 3.) This Court resolved that question when it considered, and rejected, Monoson's 1988 motion:

upon consideration of [Monoson's] Motion for Relief of Judgment and in the Alternative for Remittitur, and it appearing to the court that the only issues raised concern questions of fact which were resolved against them by the jury, it is hereby ORDERED that the motion is DENIED.

*Gordon v. Monoson,* Civil Action No. 1984-260 (D.V.I. Jan. 19, 1989).

■ Through his current motion, Monoson seeks to re-litigate matters concluded more than seventeen years ago. This Court cannot re-litigate matters previously decided. *New Hampshire v. Maine,* 532 U.S. 742, 748-49, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (noting that issue preclusion forecloses "successive litigation of an issue of fact or law actually litigated and resolved"). Moreover, Rule 60(b) is not to be used as a vehicle for re-litigating concluded matters. *Carter v. Dolce,* 741 F.2d 758, 760 n.1 (5th Cir. 1984) (noting that Rule 60(b) "may not be used merely to relitigate settled issues"); *Delzona Corp. v. Sacks,* 265 F.2d 157, 159 (3d Cir. 1959) (rejecting a Rule 60(b) motion where "the matter has been litigated and concluded heretofore").

## IV. CONCLUSION

This Court, like the court in *Friedman,* is confronted with an "inexcusable failure to raise an available contention by direct appeal followed by an attempt to litigate the matter later by a motion for postjudgment relief under Rule 60(b)." 320 F.2d at 247. "This is not a proper use of Rule 60(b)." *Id.* (citing *Ackermann v. United States,* 340 U.S. 193, 71 S. Ct. 209, 95 L. Ed. 207 (1950)).

Accordingly, Monoson's motion to vacate the 1988 judgment will be denied. Because Monoson has failed to present any legal or other argument why he would be entitled to an order quashing the current writ

of execution, his motion for such relief also will be denied.[3] An appropriate order follows.

---

[3] *See, e.g., Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 196 (3d Cir. 2003) (upholding determinations of district court about which appellant presented no argument).

Monoson's motion to stay the writ of execution until this opinion is issued will be denied as moot.