PSM4-046

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3210
_____

UNITED STATES OF AMERICA

v.

EDWARD J. MEEHAN; COLEEN M. MEEHAN,
                                                    Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-00713)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2015

Before:  FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion: January 22, 2015)
_____

OPINION[*]
_____

PER CURIAM

The United States of America instituted a civil action to reduce to judgment

federal tax assessments against Edward J. Meehan and Colleen M. Meehan for several

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

tax years. The parties filed cross-motions for summary judgment. The Meehans contended, inter alia, that the United States did not file suit within ten years of June 7, 1999, so the United States could not reduce to judgment the assessments for 1996 and 1998. Considering the United States' arguments and evidence relating to tolling based on pending offers-in-compromise, the District Court ruled in favor of the United States in August 2011. We affirmed the judgment. United States v. Meehan, 530 F. App'x 155, 160 (3d Cir. 2013) (nonprecedential).

Shortly after we entered our decision (but before our judgment was certified and issued in lieu of a formal mandate), the Meehans filed a "petition for new trial based upon new evidence." Citing Rule 33 of the Federal Rules of Criminal Procedure, they asserted that they were timely presenting new evidence within three years of the District Court's ruling. As new evidence, they relied on (1) "an original copy of their 1999 [offer-in-compromise]," and (2) evidence that the United States made a misrepresentation that their 2002 offer-in-compromise was "rejected" instead of "returned," thus causing the limitations period to be calculated improperly.

The Meehans noted that the 1999 document, the original of which they had long unsuccessfully sought from the United States (through FOIA requests and the like), had recently "turned up." They stated that it lacked Colleen Meehan's signature and bore a December 7, 1999 date near Edward Meehan's signature. They further noted that it was stapled to a letter to an IRS agent. For these reasons, they asserted that it could not have

been accepted by the IRS Area Director earlier than December 8, 1999, on the day it may have been hand-delivered and accepted. However, they argued, even if delivered, (1) its acceptance was unlikely because their IRS agent "disappeared for over two years on a 'sick leave,'" and (2) return without processing would have been required because of the missing signature. With their evidence, they claimed that they contradicted the presumption of correctness of the IRS transcript and the IRS evidence that the 1999 offer-in-compromise was processed and rejected.

Regarding the 2002 offer-in-compromise, the Meehans maintained that the 2002 offer-in-compromise was returned instead of rejected, as the United States conceded during the course of the Meehans' earlier appeal. As during that appeal, they pressed a claim that the concession of error compromised all the United States' evidence (including the presumption of correctness afforded the IRS transcript) and the calculation of the limitations period. They stated that there was a handwritten notation ("7/24 – 6/5") on the 2002 offer-in-compromise that supported their theory that the 2002 offer-in-compromise was returned on July 24, 2002, but was improperly coded as rejected then (automatically leading to an August 23, 2002 date on the IRS transcript).

The United States opposed the Meehans' motion, which the United States characterized as their seventh post-judgment motion, as untimely under Rule 59 or Rule 60(b)(2) of the Federal Rules of Civil Procedure (the United States further noted that Rule 60(b)(6) and the cited Rule 33 were inapplicable). The United States also

3

contended that the Meehans had not shown that they were entitled to extraordinary relief from the judgment.

The United States argued that not only was the evidence the Meehans proffered not new, but it also did not support their position. The United States noted that the annotated 2002 offer-in-compromise was available to the Meehans as early as February 2011, when the 2002 file was sent to them. Pointing to the 2002 offer-in-compromise that had been submitted with its motion for summary judgment, the United States noted that the Meehans did not correctly describe the handwritten notation (it said "F/U 7-24" on one line and "6-5" on another). The United States interpreted the notations to mean that the offer-in-compromise was received on June 5, 2002, and the IRS agent planned to follow-up on it on July 24, 2002. The United States also directed the District Court to other evidence in the record that was submitted with the motion for summary judgment to support a return date of August 23, 2002 (including the IRS letter dated that day that returned the offer-in-compromise).

Regarding the 1999 offer-in-compromise, the United States noted that the Meehans had not explained how they found it or why they did not find it sooner. The United States also argued that even if the Meehans were able to show that the offer-in-compromise was not pending on December 7, 1999, because it was not submitted until December 8, 1999, the outcome of the litigation would not change. The United States had argued that regardless of whether the offer-in-compromise was pending in December 1999, it was pending from January 1, 2000 (the date used in the calculation of the

4

limitations period). Lastly, the absence of Colleen Meehan's signature on the version of the offer-in-compromise in the Meehans' possession did not change the outcome because it did not show that she did not later sign it. In reply, the Meehans submitted six more filings, repeating and amplifying their arguments as well as presenting assertions that the original 1999 offer-in-compromise was improperly or fraudulently destroyed by the United States.

The District Court denied the Meehans' motion without analysis. The Meehans appeal. They raise the same arguments that they presented to the District Court in the final post-judgment proceedings, including those raised in their several replies and supplemental briefs. They also present broader arguments, such as a challenge to the legitimacy of the statute of limitations. Additionally, the Meehans take issue with the lack of analysis in the District Court's order.

The United States responds that the District Court properly exercised its discretion in denying the motion for a new trial for the reasons it presented to that court. Addressing the claims regarding the destruction of the 1999 offer-in-compromise, the United States denies the claim of fraud by pointing to evidence in the record that shows that the file was transferred to the National Archives in 2003 and approved for disposal in 2006 in accordance with record retention schedules. The United States describes the Meehans' arguments, including the challenge to the form of the District Court's order, as meritless.

The Meehans also present a motion to strike the United States' response as untimely (which the United States opposes), a "letter clarifying new evidence," and a "correction of the United States' inaccurate assertions with reply in support of request to consider new evidence." Additionally, they seek to seal several documents in their supplemental appendix.

We have jurisdiction under 28 U.S.C. § 1291. Cf. Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam) (explaining that "most post judgment orders are final decisions within the ambit of 28 U.S.C. § 1291 as long as the district court has completely disposed of the matter") (citation and quotation marks omitted). Despite the citation to the inapplicable Rule 33, the Meehans essentially filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure. See Lewis v. Att'y Gen. of the U.S., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (explaining that a pro se pleading must be "judged by its substance rather than according to its form or label"). Generally, we review orders denying Rule 60(b) motions for abuse of discretion.[1] See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008) (explaining also that we exercise plenary review over orders granting or denying relief under Rule 60(b)(4)). We may affirm on any basis supported by the record. See Erie Telecomms., Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988).

---

[1] We note that an appeal from the denial of Rule 60(b) relief generally does not bring up the underlying judgment for review. See Browder v. Dir., Dep't of Corr., 434 U.S. 257, 263 n.7 (1978).

Upon review, we will affirm the District Court's decision.[2]  First, the motion was not timely.  Although they expanded their arguments in subsequent filings, the Meehans filed their motion to present what they deemed new evidence.  Accordingly, they were necessarily proceeding under Rule 60(b)(2).  A motion under Rule 60(b)(2) must be made within a year after the entry of judgment.  Fed. R. Civ. P. 60(c)(1).  They also may have sought to invoke other provisions of Rule 60(b), such as with their claims of fraud, any argument about a void judgment, or a claim of other extraordinary circumstances justifying relief.  Even so, some of those claims had to be made within a year, and all of them had to be made within a reasonable time.  Fed. R. Civ. P. 60(c)(1); see also Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959).  Under the circumstances of this case, their claims were not timely brought approximately two years after the District Court ruled.

In any event, the Meehans could not meet their "heavy burden" to win "extraordinary relief" under Rule 60(b).  See Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991).  To win relief on the basis of "newly discovered evidence," they had to show that their evidence was "(1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably have changed the outcome of the trial."  Id.

---

[2] That the District Court summarily denied the motion is not of concern.  See Fed. R. Civ. P. 52(a)(3); Fed. R. Civ. P. 60(b).

First, some of the evidence that the Meehans rely on is evidence that was in the record before the District Court (and before us when we considered their earlier appeal). Regarding the 2002 offer-in-compromise, they describe (albeit inaccurately) a notation on that document that was submitted in the summary judgment proceedings. Furthermore, for the reasons given by the United States, the evidence that the Meehans describe regarding that document could not be said to have changed the outcome of the proceedings.

The Meehans' version of the 1999 offer-in-compromise may not have been in the record previously. But, despite their allegations about some sort of fraudulent concealment of the document by the United States,[3] the Meehans essentially admit that this document was (and had been) in their own papers. Accordingly, it would be difficult to say that it could not have been discovered before trial through the exercise of reasonable diligence. In any event, their evidence would not have changed the outcome (as the United States argues, and on the basis of how the limitations period was calculated without reference to any tolling in December 1999).

For these reasons, and because the Meehans' remaining arguments are without merit, we conclude that the District Court did not err in denying their "petition for new trial based upon new evidence." We will affirm the District Court's order. The Meehans' motion to strike the United States' response is denied. However, we grant the

---

[3] To the extent that they sought reopening based under Rule 60(b)(3), they did not show that there was fraud or misconduct by the United States.

8

Meehans' motion to seal four documents in their supplemental appendix that include their Social Security numbers. The Clerk is directed to seal, for a period of 25 (twenty-five) years, (1) the letter to the IRS dated December 8, 1996; (2) a document entitled "Tax Debt Worksheet," (3) the1996 income tax return; and (4) the IRS account transcript. See generally Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994).