# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-1760

GREGORY MADEJ,

*Petitioner-Appellee*,

v.

KENNETH R. BRILEY, Warden,
Stateville Correctional Center,

*Respondent-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 1866—**David H. Coar**, *Judge*.

_____

SUBMITTED APRIL 5, 2004—DECIDED APRIL 21, 2004

_____

Before POSNER, EASTERBROOK, and ROVNER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Illinois sentenced Gregory Madej to death for a murder committed in 1981. In 2002 the district court issued a writ of habeas corpus requiring Illinois to give Madej a new sentencing hearing within 60 days. *United States ex rel. Madej v. Gilmore*, 2002 U.S. Dist. LEXIS 3807 (N.D. Ill.), reconsideration denied under the name *Madej v. Schomig*, 223 F. Supp. 2d 968 (N.D. Ill. 2002). The effective date of this order is September 24, 2002, when the court denied the state's request for reconsid-

eration and the decision became final. Hence the hearing had to be held by November 25, 2002. The state filed a notice of appeal, No. 02-3796, which it dismissed on November 8, 2002, with prejudice. See Fed. R. App. P. 42(b). Madej dismissed his cross-appeal at the same time.

The deadline for resentencing passed without action. On January 10, 2003, the Governor of Illinois commuted Madej's capital sentence to life in prison without possibility of parole. The Attorney General of Illinois asked the state's highest court to annul this commutation; that court held it valid. See *People ex rel. Madigan v. Snyder*, 208 Ill. 2d 457, 804 N.E.2d 546 (2004). By then 16 months had passed since the district court's order, and the state still had not provided Madej with a new sentencing hearing. At a status conference in state court on February 17, 2004, counsel for Illinois took the position that the state is entitled to disregard the federal court's writ, because the commutation gave Madej all the relief to which he is entitled. The state judge expressed skepticism about this position and asked the prosecutor to take the issue up with the federal judge.

Illinois then asked the district judge to vacate the writ as moot. He declined, observing that at a new hearing Madej would be entitled to seek an ordinary life sentence—that is, one from which parole is possible—in lieu of the natural-life sentence that the Governor substituted for the death penalty. Now Madej's custodian (we have substituted the current warden of his prison) asks for a writ of mandamus that would compel the district judge to vacate the writ of habeas corpus. The petition was filed jointly by the Attorney General of Illinois and the State's Attorney of Cook County.

Mandamus is unavailable, because the judge entered an appealable order. The state's motion was functionally under Fed. R. Civ. P. 60(b), asserting a change in circumstances, though the state neglected to mention that rule (or

indeed to supply any authority for the relief it sought). An order denying relief requested under Rule 60(b) is final and appealable. The state's petition for mandamus contains the information required by Fed. R. App. P. 3 for a notice of appeal, so we treat the document as a notice of appeal.

Review of a decision under Rule 60(b) is deferential, see *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826 (7th Cir. 1985), and the district judge did not abuse his discretion. The court held in 2002 that Madej had received ineffective assistance of counsel at sentencing. One possible outcome of a properly conducted proceeding would have been a regular life sentence, leaving Madej eligible for parole. (Madej has been convicted of a single murder, and under Illinois law only multiple murder convictions foreclose the possibility of a sentence with parole eligibility. 720 ILCS 5/9-1(b)(6), 730 ILCS 5/5-8-1(a)(1).) A full remedy for the constitutional shortcoming at the original sentencing hearing entails allowing Madej to seek that lower sentence now. Although the state contends that the Governor's commutation bars that option as a matter of state law, the Constitution supersedes any incompatible state principles.

Illinois should count itself lucky that the district judge did not hold the warden (or perhaps the prosecutor) in contempt of court. The district judge ordered the state to act by November 25, 2002, yet to this day the order has not been carried out. It is irrelevant that the state believes the order ineffectual. It is for the federal judiciary, not the Attorney General of Illinois, to determine the force of such orders, and even erroneous directives must be obeyed while they are outstanding. See *Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 439-40 (1976).

The order is indeed mistaken in one respect. A writ of habeas corpus directs the petitioner's release from unconstitutional custody. When the constitutional error is curable, the court often issues a conditional writ, of the form:

"Release the petitioner unless you do X within Y days." The district judge may have meant to issue such a writ, but the actual language reads:

> [The court] orders that the state resentence [Madej] in a manner that comports with the individualized sentencing requirements of the Eighth Amendment within sixty (60) days of the date of this order.

This language does not leave the state the option of releasing Madej or reducing his sentence to life imprisonment; instead it directs the state to hold a new hearing whether it wants to or not. Yet the writ of habeas corpus is designed to free persons wrongly held, not to ensure that criminal prosecutions continue in full vigor. A proper conditional writ would have provided something along the lines of:

> Within 60 days, the state must either reduce Madej's sentence to life imprisonment (with eligibility for parole) or hold a new sentencing hearing.

That language would have made it pellucid that the commutation does not avert the need for resentencing.

When it dismissed its appeal with prejudice, the state surrendered any opportunity to have the order's language converted to a standard conditional writ. Illinois must comply with the unconditional order the district court has entered. The order denying the state's request for relief under Rule 60(b) is affirmed, without prejudice to Madej's opportunity to ask the district judge for supplemental relief (through the contempt process, a conditional writ of the kind mentioned above, or both) if the state's obduracy continues.

A true Copy:

    Teste:

                                     _____
                                *Clerk of the United States Court of*
                                   *Appeals for the Seventh Circuit*