**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 14, 2010[*]
Decided October 25, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-1865

|  |  |
|---|---|
| DONELLY SMITH, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *Plaintiff-Appellant*, |  |
| *v.* | No. 2:08-cv-00530-AEG |
| SPENCER SIARNICKI and MIKE GOLLINGER, | Aaron E. Goodstein, *Magistrate Judge* |
| *Defendants-Appellees.* |  |

**O R D E R**

Wisconsin inmate Donelly Smith appeals the denial of his second motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from a summary judgment granted in favor of the defendants, two Wisconsin parole officials he had sued under 42 U.S.C. § 1983. We affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

Smith sued Spencer Siarnicki, his parole officer, and Mike Gollinger, Siarnicki's supervisor, after being ordered to serve 90 days in jail for failing to complete a domestic-violence program required as part of his extended supervision. In a written statement he signed during an interview with Siarnicki, Smith said he stopped attending the program due to a lack of funds. Siarnicki and Gollinger recommended a penalty of confinement, and the Department of Corrections sanctioned Smith with 90 days of incarceration. *See* WIS. STAT. § 302.113(8m)(b).

Smith filed a complaint under § 1983, alleging that Siarnicki and Gollinger violated his due-process rights by sending him to jail without a hearing. A magistrate judge, presiding by consent, granted summary judgment for Siarnicki and Gollinger, concluding that there was no dispute that Smith failed to comply with the conditions of his supervision. Smith did not appeal and instead moved four months later for relief from judgment on the basis that he did not receive notice of the defendants' filings or the court's decision because of problems receiving his mail while incarcerated. The magistrate judge denied the motion, explaining that Smith bore responsibility for not receiving his mail because he did not update the court with his current address. The court also noted that Smith had managed to file a timely response to the defendants' summary-judgment motion while he was in prison and that no mail addressed to him was ever returned as undeliverable.

More than a month later, Smith filed a second motion for relief from judgment. In this motion Smith for the first time alleged that the court's earlier decisions were procured by fraud—namely, that Siarnicki and Gollinger fabricated the written statement in which Smith admitted he stopped attending counseling. The court denied the motion, stating that Smith failed to present sufficient grounds to warrant relief under Rule 60(b).

On appeal Smith argues that the district judge did not properly apply Rule 60(b)(3), under which fraud by an adverse party can be grounds for relief from final judgment. But he has not shown how the defendants' alleged fraud prevented him from fully and fairly presenting his case. *See Wickens v. Shell Oil Co.*, Nos. 09-2620 & 09-2737, 2010 WL 3398160, at *10 (7th Cir. Aug. 31, 2010); *Cook v. City of Bella Villa*, 582 F.3d 840, 855 (8th Cir. 2009); *Ty Inc. v. Softbelly's, Inc.*, 353 F.3d 528, 536 (7th Cir. 2003). To the contrary, Smith had ample opportunity to dispute the authenticity of his statement when he responded to Siarnicki and Gollinger's motion for summary judgment. Yet it was not until his second motion for relief from the judgment that he claimed the statement was fabricated. Rule 60(b)(3) is not an appropriate vehicle to allege fraud that could have been asserted before the entry of final judgment. *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Smith also renews several arguments from his first postjudgment motion; namely, that he never received notice of filings related to the underlying summary-judgment proceedings and that his pro se status relieves him of the obligation of complying with court rules. But the magistrate judge properly rejected those arguments because they were mere disagreements with the court's prior rulings. Rule 60(b) is not a substitute for an appeal or a means of extending the time for appellate review. *Gleash*, 308 F.3d at 761. If Smith was dissatisfied with the district court's ruling on his first postjudgment motion, then his recourse was to appeal to this court, *see Madej v. Briley*, 371 F.3d 898, 899 (7th Cir. 2004), not to file a second motion raising similar arguments.

For the foregoing reasons, we **AFFIRM** the decision of the district court.