Joseph P. **MURRAY**, et al., Appellants,

v.

**DISTRICT OF COLUMBIA**, Appellee.

Nos. 94–7062, 94–7063.

United States Court of Appeals, District of Columbia Circuit.

Argued March 13, 1995.

Decided April 21, 1995.

---

Achim Kriegsheim argued the cause and filed the brief, Washington, DC, for appellants.

Mary L. Wilson, Asst. Corp. Counsel, argued the cause, Washington, DC, for appellee. With her on the brief were Garland Pinkston, Acting Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Lutz A. Prager, Asst. Deputy Corp. Counsel.

Before EDWARDS, Chief Judge; WILLIAMS and ROGERS, Circuit Judges.

Opinion for the court filed by Circuit Judge ROGERS.

ROGERS, Circuit Judge:

In these consolidated appeals, Joseph P. Murray and others challenge orders of the district court denying their motions for reconsideration under Federal Rule of Civil Procedure 60(b). Because appellants failed to file an opposition or otherwise present a potentially meritorious claim or defense to the District of Columbia's motion to dismiss their amended complaint in No. 94–7062, and they offer no explanation for not doing so, we

find no abuse of discretion by the district court and affirm the denial of the Rule 60(b) motion. Although similar deficiencies appear in No. 94–7063, the appeal is also untimely, and we therefore dismiss that case for lack of jurisdiction.

## I.

These appeals arise from appellants' efforts to pursue claims of unlawful discrimination against the District of Columbia. As District government employees, they allege that they were denied promotions in the Department of Corrections in violation of federal and District of Columbia law. In each case, the District filed a motion to dismiss appellants' amended complaint and appellants failed to file an opposition to the motion. The district court dismissed the amended complaints, and appellants filed motions for reconsideration under Rule 60(b) on the ground that in each case their counsel had not received the District's motion to dismiss. The district court denied the motions for reconsideration in both cases, and appellants appeal.

## II.

■ Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for reasons including "(6) any . . . reason justifying relief from the operation of the judgment." FED.R.CIV.P. 60(b). An appellate court's review of the denial of a Rule 60(b) motion is for abuse of discretion. *Lepkowski v. United States Dep't of Treasury,* 804 F.2d 1310, 1314 (D.C.Cir.1986). Appellants contend that in each case neither of their counsel received the District of Columbia's motion to dismiss and that such non-receipt is an exceptional or extraordinary circumstance that renders the district court's denial of their motions for reconsideration an abuse of discretion. We need not address this contention because appellants have failed to comply with a threshold requirement for obtaining relief under Rule 60(b).

■ In *Lepkowski,* 804 F.2d at 1314, the court explained that a Rule 60(b) motion will not be granted unless the movant "can demonstrate a meritorious claim or defense" to the motion upon which the district court dismissed the complaint. It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture. *See Pease v. Pakhoed Corp.,* 980 F.2d 995, 998 (5th Cir. 1993); *Teamsters, Chauffeurs, Warehousemen and Helpers, Local No. 59 v. Superline Transp. Co.,* 953 F.2d 17, 21 (1st Cir.1992); *Boyd v. Bulala,* 905 F.2d 764, 769 (4th Cir. 1990); *Beshear v. Weinzapfel,* 474 F.2d 127, 132 (7th Cir.1973); *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970); *Madsen v. Bumb,* 419 F.2d 4, 6 (9th Cir.1969); *see also* 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2857 (1973 & Supp.1994). Although the proffered claim or defense need not be "ironclad," a Rule 60(b) movant "must at least establish that it possesses a potentially meritorious claim or defense which, if proven, will bring success in its wake." *Superline Transp.,* 953 F.2d at 21. Consequently, even if lack of notice of a dispositive motion warrants granting reconsideration, appellants must still proffer, as movants under Rule 60(b), a potentially meritorious claim or defense in order to provide the district court with a basis for concluding that granting reconsideration will not be a useless gesture. *See Lepkowski,* 804 F.2d at 1314; *Boyd,* 905 F.2d at 769.

■ While the claim or defense proffered by the Rule 60(b) movant must be "more than an unsubstantiated boast," *see Superline Transp.,* 953 F.2d at 21, a critical point in the instant appeals is that appellants never proffered in the district court any claim or defense, or any opposition of *any* kind, to the motions to dismiss their amended complaints. At oral argument in this court, appellants' counsel conceded the failure to present any claim or defense to the District's motions to dismiss their amended complaints. The record shows that in No. 94–7063 counsel had filed a motion accompanying the motion for reconsideration, requesting an extension of time to file an opposition. However, appellants' counsel have

neither filed such an opposition nor otherwise provided the district court with any reason to think that granting reconsideration in either case would enable appellants to present a potentially meritorious defense to the motions to dismiss.

Assuming that counsel never received the District's motion to dismiss the amended complaint when first filed, appellants in No. 94–7062 appear to have had notice of that motion since approximately March 18, 1993, when the district court issued an order to show cause why the case should not be dismissed, thereby presumably alerting appellants and their counsel to the District's pending motion. More than two years have elapsed since then, and although counsel have filed various motions, they have not filed the requisite opposition to the District's motion to dismiss. Thus, appellants have yet to proffer a potential defense to that motion. Under these circumstances, in the absence of any explanation for the failure to comply with Rule 60(b)'s threshold requirement, we find no abuse of discretion and affirm the district court's order denying appellants' motion for reconsideration in No. 94–7062.

■ Similarly, in No. 94–7063, appellants had notice of the District's motion to dismiss the amended complaint since March 17, 1993, when the district court granted the motion as conceded under Local Rule 108. Because counsel have yet to proffer a potential claim or defense to the District's motion, appellants appear again not to have complied with Rule 60(b)'s threshold requirement. While a disposition akin to that in No. 94–7062 might thus appear warranted, the court lacks jurisdiction of this appeal. The district court denied appellants' first motion for reconsideration noting that one of appellants' counsel had never disclaimed receiving the motion to dismiss and that the second counsel provided only an unsworn declaration claiming non-receipt. Appellants did not immediately appeal the order denying the motion for reconsideration. Instead, they filed a second motion for reconsideration alleging the same ground and attached an affidavit from the first counsel stating that he too had never received the motion to dismiss. The district court denied the second motion for reconsideration as well.

■ The court lacks jurisdiction to review either order of the district court in No. 94–7063. Appellants did not timely appeal from the denial of the first motion for reconsideration. *See* FED.R.APP.P. 4(a). Instead, they filed a second motion to reconsider the dismissal. Filing a second motion to reconsider cannot revive a prior motion for which the time to appeal has expired. Without a timely notice of appeal, the court lacks jurisdiction to review the district court's denial of appellants' first motion for reconsideration. *See Browder v. Director, Dep't of Corrections of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978).

Nor is the second order of the district court denying appellants' second motion for reconsideration reviewable. While more detailed, the second motion for reconsideration raises the same issue presented in the first motion, namely that appellants' failure to oppose the District's motion to dismiss should be excused because their counsel never received the motion. Appellants do not explain why a single motion for reconsideration could not have been filed. Appellants' attempt to appeal the denial of their second motion is therefore nothing more than an untimely appeal of their first motion, and we will not indulge the ruse. *See Burnside v. Eastern Airlines, Inc.,* 519 F.2d 1127, 1128 (5th Cir. 1975).

Accordingly, we affirm the order in No. 94–7062 and dismiss the appeal in No. 94–7063.