Emma M. MUÑOZ, Appellant

v.

BOARD OF TRUSTEES OF the UNI-
VERSITY OF the DISTRICT OF CO-
LUMBIA and April Massey, Appellees.

No. 09–7028.

United States Court of Appeals,
District of Columbia Circuit.

April 1, 2011.

Rehearing En Banc Denied July 15, 2011.

Emma M. Muñoz, Silver Spring, MD, pro se.

Donna M. Murasky, Esquire, Deputy Solicitor, David A. Hyden, Assistant, Todd Sunhwae Kim, Solicitor General, Peter J. Nickles, Office of the Attorney General for the District of Columbia, Office of the Solicitor General, Washington, DC, for Appellees.

Before: ROGERS, BROWN and GRIFFITH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court and briefed by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. For the reasons presented in the accompanying memorandum, it is

**ORDERED and ADJUDGED** that the judgment of the district court dismissing the complaint be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## *MEMORANDUM*

Appellant, Emma Muñoz, a tenured professor, sued the Board of Trustees of the University of the District of Columbia ("UDC") alleging violations of Title VII, the D.C. Human Rights Act (the "D.C. Act"), and her constitutional due process and equal protection rights, as well as intentional infliction of emotion distress. UDC moved to dismiss; the district court granted the motion with regard to the non-constitutional claims and afforded Muñoz the opportunity to amend her constitutional claims; after she did so, the district court dismissed the constitutional claims on February 5, 2009. Muñoz, who was represented by counsel in the district court, filed a *pro se* notice of appeal on March 6, 2009. Thereafter, on January 21, 2010, Muñoz filed in the district court a *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b) arguing that her former counsel, as well as UDC's counsel and the district court, committed errors that warranted relief from the judgment. The appeal was held in abeyance pending disposition of the Rule 60(b) motion. The district court denied the motion on August 10, 2010 and Muñoz did not file a notice of appeal of the denial.

On appeal, Muñoz contends that reversal is warranted of the dismissal of her constitutional and non-constitutional claims, and of the denial of her Rule 60(b) motion. She contends dismissal of the non-constitutional claims as time-barred, *see* 42 U.S.C. § 2000e–5(e)(1), was not warranted because her factual allegations supported a finding of equitable estoppel or equitable tolling with regard to the limitations peri-

od. She further contends that the district court erred in failing to take judicial notice of D.C. municipal regulations that UDC allegedly violated. She also maintains that she adequately alleged an actionable deprivation of constitutionally protected property and liberty interests, and thus dismissal of the constitutional claims was inappropriate. Finally, she contends that her trial attorney's "negligence or carelessness," UDC's counsel's "misrepresentations," and the district court's mistaken findings and conclusions, warranted relief pursuant to Rule 60(b).

■ Muñoz's *pro se* notice of appeal mentions only the order dismissing the amended complaint, which alleged the constitutional claims, and not the preceding order dismissing the non-constitutional claims alleged in the original complaint. Nonetheless, this court has jurisdiction to review both dismissal orders, either because (i) the final dismissal order from which Muñoz appealed incorporates the prior dismissal order and thus the prior order need not be separately referenced in the notice of appeal, or (ii) the "appellant's intention to appeal from both rulings of the district court can be fairly inferred from his notice of appeal and no appellee is prejudiced." *Martinez v. Bureau of Prisons,* 444 F.3d 620, 623 (D.C.Cir.2006); *see also Ciralsky v. CIA,* 355 F.3d 661, 668 (D.C.Cir.2004). Under either rationale, however, a notice of appeal from the final order does not confer jurisdiction to review orders entered by the district court subsequent to filing of the notice of appeal, as a final order cannot incorporate, and an appellant cannot intend to appeal, an order that does not yet exist. Accordingly, this court lacks jurisdiction to review the order denying the Rule 60(b) motion because Muñoz failed to note an appeal from it. Federal Rule of Appellate Procedure 4(a) provides that a notice of appeal must be made within thirty days of entry of "the judgment or order appealed from." Because the notice of appeal was not filed within thirty days of the order denying the Rule 60(b) motion, it is not the "judgment or order appealed from," and thus, this court lacks jurisdiction to review it. *See Murray v. Dist. of Columbia,* 52 F.3d 353, 356 (D.C.Cir.1995); *see also Browder v. Dir., Dep't of Corr. of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Culinary & Serv. Emps. Union Local 555 v. Haw. Emp. Benefit Admin.,* 688 F.2d 1228, 1232 (9th Cir.1982).

■ With regard to the judgment of dismissal, neither equitable estoppel nor equitable tolling are warranted on the basis of the allegations contained in either the original or amended complaint. Muñoz appears to misunderstand the doctrines to apply whenever a defendant "is seen as engaging in inequitable or misleading affirmative conduct or fraud." Appellant's Br. 24. But as UDC notes, neither doctrine has any application unless the plaintiff has been denied a reasonable opportunity to file on time by circumstances not of his or her own making. *See Chung v. Dep't of Justice,* 333 F.3d 273, 278–79 (D.C.Cir.2003); *Currier v. Radio Free Europe,* 159 F.3d 1363, 1367 (D.C.Cir.1998). Neither of her complaints contain any such suggestion, and thus Muñoz's reliance on *Jarrell v. United States Postal Service,* 753 F.2d 1088 (D.C.Cir.1985), is misplaced. Moreover, the district court correctly ruled that none of the three actions that could have occurred within the Title VII and D.C. Act limitations periods—failing to respond to Muñoz's letters, failing to pursue a November 2006 e-mail regarding a possible settlement, and terminating Muñoz's health insurance in February 2007, approximately one year after she failed to return to work when the allegations against her were dismissed and her sick

**4**

leave had run out—constituted an unlawful employment practice. With specific reference to the retaliation claim regarding termination of her health insurance, Muñoz's amended complaint alleges that UDC terminated her health insurance on February 17, 2007, and she learned of it on June 19, 2007. Yet it is undisputed that UDC did not receive the EEOC charge until approximately one month later, on March 15, 2007, and Muñoz does not allege any facts to suggest that UDC knew she was filing the charge prior to terminating her health insurance on February 17, 2007. Accordingly, Muñoz's allegations do not support a plausible inference that termination of her health care was causally related to UDC learning of the EEOC charge, and accordingly she has not stated a valid retaliation claim. *See Taylor v. Solis,* 571 F.3d 1313, 1322 (D.C.Cir.2009).

■ Muñoz also now contends that she filed her EEOC charge on July 17, 2006, not February 14, 2007, as alleged in her complaint. But the district court could not have erred by assuming as true the plaintiff's own well-pleaded factual allegation in ruling on the motions to dismiss, *see Atherton v. District of Columbia Office of Mayor,* 567 F.3d 672, 677 (D.C.Cir.2009), and Muñoz did not bring the error to the district court's attention until her Rule 60(b) motion. Accordingly, for purposes of this appeal, this issue has been forfeited. Similarly, the judicial notice issue was not raised until the Rule 60(b) motion; in any event, the cases Muñoz cites do not hold that courts have an affirmative duty to seek out new legal claims on behalf of plaintiffs, and certainly not those represented by counsel.

■ The district court correctly ruled that Muñoz's constitutional claims failed as a matter of law. While allegations of misconduct were pending, she was placed on paid administrative leave; she was afford-

ed the opportunity to defend herself in a formal interview, which she declined; she was afforded the right to appeal the provost's decision to the president of UDC, and when she did so, she prevailed. The district court correctly ruled that she was denied no due process. Indeed, the Supreme Court has suggested that the way to "avoid the problem" of preserving an employee's pre-termination due process rights when their continued presence would be detrimental to the workplace is to suspend him or her with pay. *Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 544–45, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). That is precisely what UDC did here.

■ The district court properly ruled that the equal protection claim was time-barred. The equal protection claim was based on allegations of mistreatment during 2003, and 2004 by Professor Massey, who was Muñoz's direct supervisor. But as this claim was filed on June 2, 2008, the three-year limitations period borrowed from District of Columbia law in this section 1983 claim, *see Carney v. Amer. Univ.,* 151 F.3d 1090, 1096 (D.C.Cir.1998), would bar any claims based on conduct occurring prior to June 2005, and there were no plausible allegations of timely and actionable equal protection violations. The district court also correctly ruled that Muñoz failed to allege a "policy or practice" that would give rise to municipal liability under section 1983, *see Carter v. Dist. of Columbia,* 795 F.2d 116, 122 (D.C.Cir. 1986) (citing *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

Accordingly, we affirm the judgment dismissing the complaint.