# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 14, 2012          Decided July 13, 2012

No. 10-5354

CARLOS MARINO,
APPELLANT

v.

DRUG ENFORCEMENT ADMINISTRATION, AS A COMPONENT OF
THE DEPARTMENT OF JUSTICE,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:06-cv-01255)

*P. Sebastian Ruiz*, Student Counsel, argued the cause as *amicus curiae* in support of appellant. With him on the briefs were *Steven H. Goldblatt*, appointed by the court, *Doug Keller* and *Nilam A. Sanghvi*, Supervisory Attorneys, and *Zach Perez*, Student Counsel.

*Jane M. Lyons*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: SENTELLE, *Chief Judge*, BROWN and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: The district court entered summary judgment against Carlos Marino on his claim brought under the Freedom of Information Act. Before us is Marino's appeal of the district court's denial of his motion to reconsider that decision. For the reasons set forth below, we reverse and remand for the district court to take up again Marino's motion.

I

Carlos Marino is currently incarcerated for a 1997 conviction for drug conspiracy. In 2004, he submitted a request to the Drug Enforcement Administration (DEA) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking all documents indexed under number 3049901 of the DEA's Narcotics and Dangerous Drug Information System (NADDIS) that were "already public information or [were] required to be made public" in two criminal trials from 1997 and 1998. Letter from Carlos Marino to FOIA Operations Unit, Drug Enforcement Admin. (May 4, 2004). Marino alleges in these proceedings that NADDIS No. 3049901 belongs to Jose Everth Lopez, a co-conspirator who testified against him at trial. Marino suspects the prosecution engaged in various forms of misconduct during trial, especially in its dealings with Lopez.

The DEA denied Marino's FOIA request, issuing a *Glomar* response[1] "neither confirm[ing] nor den[ying] the existence of

---

[1] A *Glomar* response is "an exception to the general rule that agencies must acknowledge the existence of information responsive to a FOIA request and provide specific, non-conclusory justifications for withholding that information." *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1178 (D.C. Cir. 2011). Agencies may invoke a *Glomar* response "only when confirming or denying the existence of records would itself

any requested records." Letter from Katherine E. Myrick, Chief, Operations Unit of FOI/Records Mgmt. Section, Drug Enforcement Admin., to Carlos Marino (Aug. 13, 2004). Invoking FOIA exemption 7(C), which allows an agency to withhold "information compiled for law enforcement purposes" if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(7)(C), the DEA stated that "to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy." Letter from Katherine E. Myrick to Carlos Marino, *supra*.

After an unsuccessful administrative appeal, Marino filed a complaint in the district court that rested on two theories. First, he maintained that most of the information he sought had already been disclosed publicly and must therefore be released under FOIA's "public domain" exception. Second, he claimed that the public interest in revealing the government misconduct he alleged outweighed the personal privacy interests the DEA had interposed. The DEA moved for summary judgment, relying again on exemption 7(C). Despite asking for and receiving three extensions of time to respond, Marino's counsel never did. Two months after the final extended deadline, the district court

'cause harm cognizable under an FOIA exception.'" *Id.* (quoting *Wolf v. Cent. Intelligence Agency*, 473 F.3d 370, 374 (D.C. Cir. 2007)); *see also Moore v. Bush*, 601 F. Supp. 2d 6, 14 n.6 (D.D.C. 2009) ("The '*Glomar*' response is named after the ship involved in *Phillipi v. Cent. Intelligence Agency*, 546 F.2d 1009, 1011 (D.C. Cir. 1976). In that case, the FOIA requester sought information regarding a ship named the 'Hughes Glomar Explorer,' and the CIA refused to confirm or deny whether it had any relationship with the vessel because to do so would compromise national security or would divulge intelligence sources and methods.").

concluded that Marino had effectively conceded the arguments in the DEA motion and granted summary judgment against him.

Soon after, Marino's attorney filed a motion for reconsideration. He asked that the court not charge Marino with his mistake, which he attributed to losing the draft response in his office and the difficulty of communicating with an imprisoned client. The motion remained pending for over two years before Marino — this time proceeding *pro se* — filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Marino offered a number of reasons he thought the court should revisit its decision. As relevant to this appeal, he blamed the failure to file a response on his "grossly negligent" attorney. The district court denied the motion for reconsideration and the Rule 60(b) motion in the same decision, concluding that granting either of them would be futile because Marino lacked a sufficient defense to the DEA's summary judgment motion. *Marino v. Drug Enforcement Admin.*, 729 F. Supp. 2d 237 (D.D.C. 2010). Marino filed a timely notice of appeal, and we appointed amicus curiae to argue on his behalf. Through amicus, Marino challenges the district court decision only to the extent it addresses his argument under Rule 60(b)(6). We have jurisdiction to consider this appeal under 28 U.S.C. § 1291.

II

Federal Rules of Civil Procedure Rule 60(b)(6) grants a district court discretion to "relieve a party . . . from a final judgment" for "any other reason that justifies relief." This catch-all provision has been interpreted to apply when a party demonstrates "extraordinary circumstances," *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 393 (1993) (internal quotation marks omitted), which can include gross

attorney negligence, *see Jackson v. Wash. Monthly Co.*, 569 F.2d 119, 122 (D.C. Cir. 1978). A party seeking relief must also meet a threshold timeliness requirement, FED. R. CIV. P. 60(c)(1), and show that it has "a meritorious claim or defense to the motion upon which the district court dismissed the complaint," *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (quoting *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986)) (internal quotation mark omitted). Although we review a district court's denial of a Rule 60(b) motion for abuse of discretion, *Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996), we must consider underlying legal issues de novo, *see Davis v. Dep't of Justice*, 460 F.3d 92, 97 (D.C. Cir. 2006). If the district court's decision to deny relief under Rule 60(b) was "rooted in an error of law," we must remand for the court to consider anew whether to exercise its discretion under the correct legal standard. *See Computer Prof'ls for Soc. Responsibility*, 72 F.3d at 903 (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).

The district court denied Marino's motion based solely on its determination that he failed to assert a meritorious defense to the arguments the DEA raised at summary judgment. *Marino*, 729 F. Supp. 2d at 245. The limited scope of the district court decision defines both the narrow issue before us and the modest relief sought. We have no occasion to judge whether Marino meets Rule 60(b)(6)'s other prerequisites for relief, or if he has whether the district court would nonetheless be within its discretion to deny the motion. We conclude only that Marino has raised a meritorious defense, which entitles him to have the district court look again at his motion, but not necessarily to grant it.

To clear the "meritorious defense" hurdle, Marino need only provide "reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray*, 52 F.3d at 355. This is not a high bar. A meritorious defense is not measured by "[l]ikelihood of success," but by whether it "contain[s] 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980) (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)). Because a genuine dispute over material facts defeats a motion for summary judgment, *see* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), Marino can show a "meritorious defense" with only a hint of a suggestion that key facts in the record aren't yet entirely clear.

Central to Marino's case is his allegation that the information he seeks has already been publicly disclosed. And the facts about that, he asserts, are in dispute. Under FOIA's "public domain" exception, an agency may not rely on an "otherwise valid [FOIA] exemption to justify withholding information that is already in the 'public domain.'" *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 836 (D.C. Cir. 2001); *see also Niagara Mohawk Power Corp. v. U.S. Dep't of Energy*, 169 F.3d 16, 19 (D.C. Cir. 1999) (explaining the exception's rationale that once information has become public, any damage the agency fears from disclosure has already been done). Marino attached to his complaint over 500 pages of exhibits and claimed that there is evidence among them to show that the information he seeks has already been publicly disclosed. The district court rejected that argument in its order denying the Rule 60(b) motion, concluding that Marino "fail[ed] to meet his burden of identifying the specific information he seeks that exists in the public domain" because his complaint consisted chiefly of "lists of witnesses and evidence introduced

at a third party's criminal trial" without specifying which witnesses or evidence "related to the investigative records of E. Lopez." *Marino*, 729 F. Supp. 2d at 244-45.

Yet in the context of a *Glomar* response, the public domain exception is triggered when "the prior disclosure establishes the *existence* (or not) of records responsive to the FOIA request," regardless whether the contents of the records have been disclosed. *Wolf v. Cent. Intelligence Agency*, 473 F.3d 370, 379 (D.C. Cir. 2007). Marino's complaint alleged not only that some of the contents of Lopez's file had been released, but more particularly that the DEA had revealed publicly the link between Lopez and NADDIS No. 3049901. The exhibits attached to his complaint, which Marino used as support for his Rule 60(b) motion, support this theory as well. Amicus has identified one set of public documents included among these exhibits and another set referred to in them that amicus claims show that link.[2]

---

[2] We do not fault the district court's failure to address these documents, which were buried amid the rubble of over 500 pages of documents Marino attached to his complaint. It did not have the benefit of amicus's careful digging and helpful briefing. Marino's *pro se* Rule 60(b) motion is not a model of clarity and refers to his complaint and extensive attachments in their entirety without highlighting specific documents. It also focuses primarily on the broader issue whether Marino is entitled to any of the documents within the NADDIS file instead of on the preliminary question whether he is entitled to acknowledgement that the file exists. Nevertheless, the complaint raises sufficient allegations relating to the propriety of the DEA's *Glomar* response and existence of documents supporting Marino's theory of the case to put to rest any concern that Marino raises a new argument on appeal. *See, e.g.*, Compl. ¶¶ 49 (alleging that Lopez is linked to NADDIS No. 3049901), 54-56 (alleging that records from the drug conspiracy investigation and trials reference NADDIS No. 3049901).

The first set of documents includes copies of three DEA reports that link NADDIS No. 3049901 to Lopez. The reports appear to be stamped as government exhibits in a case with the same docket number as the trial of one of Marino's co-conspirators, Pastor Parafan-Homen, that took place in the Eastern District of New York in 1998. Although these unauthenticated documents cannot prove that the identity of the person to whom NADDIS No. 3049901 was assigned is already in the public domain, they at least establish a dispute over this material fact. Showing a meritorious defense under Rule 60(b)(6) requires nothing more.

The second set of documents is only mentioned in a motion Marino filed in his habeas case that he included among the exhibits attached to his complaint in this one. The motion refers to a government motion and a DEA report allegedly filed in the same habeas case that both report Lopez as the subject of NADDIS No. 3049901. If such documents exist as described and are part of a public court record, they would be enough for the requisite "hint of a suggestion" that Marino could prove at trial the specific information he seeks has already been disclosed. *See Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1279-80 (D.C. Cir. 1992) (holding that the public domain exception applies to specific materials previously revealed in open court). Although Marino would presumably need to produce the actual documents at trial, at this juncture we require much less.[3]

---

[3] The DEA objects that Marino should not be allowed to use a document his own attorney prepared as evidence of a meritorious defense. Yet although assertions by counsel are not evidence, *see, e.g.*, *Wood ex rel. United States v. Am. Inst. in Taiwan*, 286 F.3d 526, 535 (D.C. Cir. 2002); *Brown v. Immigration & Naturalization Serv.*, 775 F.2d 383, 388 (D.C. Cir. 1985), Marino relies on his motion — from a separate case — only for the limited purpose of suggesting the

The DEA argues that these documents would not give Marino a meritorious defense even if he could show they connected Lopez to NADDIS No. 3049901. Under the DEA's theory, from which counsel seemed to back away at oral argument, *see* Oral Arg. Recording at 21:45-22:24, its *Glomar* response would still be valid because a U.S. Attorney released the documents, not the DEA. But the cases the DEA cites in which we have allowed *Glomar* responses to stand despite prior public disclosure implicated a concern not present here: forcing one agency to adopt another's official disclosure of information common to both. *Cf. Frugone v. Cent. Intelligence Agency*, 169 F.3d 772, 774-75 (D.C. Cir. 1999) (protecting the CIA's right to make a *Glomar* response despite official disclosure of the same information by the Office of Personnel Management). This rationale explains why an agency does not waive its right to invoke an otherwise valid FOIA exemption when "someone other than the agency from which the information is being sought" discloses it. *Id.* at 774. Even so, a federal prosecutor's decision to release information at trial is enough to trigger the public domain exception where the FOIA request is directed to another component *within* the Department of Justice. *See Davis*, 968 F.2d at 1279-82 (holding that the FBI — likewise part of DOJ — could not withhold the specific portions of recordings that the plaintiff showed were played in federal court).

The DEA also objects that Marino's theory of the case is no defense because public information showing the existence of an investigatory file in Lopez's name does not vitiate its right under FOIA exemption 7(C) to withhold the *contents* of that file. But this concern is misplaced. The DEA did not rely upon 7(C) to withhold some or all of the contents of the file but to avoid

existence of other, government-produced documents that provide the real support for his claim.

confirming its existence. The only information the DEA has claimed a legal basis to withhold is whether NADDIS No. 3049901 exists and belongs to Lopez, and Marino has raised a plausible suggestion that this information has already been disclosed. Even if later in litigation the DEA showed legitimate grounds to withhold every document in NADDIS file No. 3049901, Marino has raised a meritorious defense that the DEA's justification for refusing even to confirm the file's existence has been undermined by prior public disclosure.

Finally, we reject the argument that the case is moot because Marino has already received all the relief to which he is entitled. The DEA contends that Marino's claim seeks no more than confirmation of the existence of a file — information he has already by virtue of the alleged disclosure. Yet the DEA once again conflates the ultimate merits of Marino's FOIA claim, which is not before us, with the limited question that is: whether the DEA's *Glomar* response was appropriate. If Marino were to prevail on the *Glomar* issue, the DEA would be required to confirm that responsive records exist, then either release them or establish that they are exempt from disclosure. *Cf. Wolf*, 473 F.3d at 380 ("To determine whether the *contents* — as distinguished from the *existence* — of the officially acknowledged records may be protected from disclosure . . . we remand the case to the district court where the [agency] must either disclose any officially acknowledged records or establish . . . that their contents are exempt from disclosure . . . ."). This potential for relief defeats the DEA's mootness claim.

Because we conclude that the public domain exception provides Marino with a meritorious defense to the DEA's summary judgment motion, we need not address whether the alleged "public purpose" for the information he seeks is

sufficient to outweigh exemption 7(C)'s personal privacy concerns. We likewise say nothing about the overall merits of Marino's Rule 60(b)(6) motion, which the district court will reconsider on remand in light of our decision.

## III

For the foregoing reasons, the judgment of the district court with respect to Marino's Rule 60(b)(6) motion is *reversed* and *remanded* for proceedings consistent with this opinion.

*So ordered.*