Opinion for the Court filed by Circuit Judge TATEL.
Concurring opinion filed by Circuit Judge TATEL.
On Motion for Reconsideration
TATEL, Circuit Judge:
After Appellant, a state prisoner, failed to respond to our order to show cause why he should not be compelled to pay a required filing fee, we dismissed his appeal for failure to prosecute. Now supported by amicus counsel, Appellant has moved for reconsideration of our dismissal, contending that requiring him to pay a filing fee would unconstitutionally deprive him of his right to access the coui’ts. Without reaching this constitutional question, we deny the motion because the claims Appellant raises in his appeal are devoid of merit and reinstating the appeal would therefore be a pointless gesture.
I.
Appellant Keith Thomas is an inmate of Salinas Valley State Prison in California. Acting pro se, he filed a petition for writ of mandamus in the district court, seeking to compel Attorney General Eric Holder to reclassify marijuana as a Controlled Substances Act (CSA) Schedule V controlled substance. Schedule V encompasses those drugs with a “low potential for abuse,” a “currently accepted medical use in treatment,” and little potential for “physical dependence or psychological dependence.” 21 U.S.C. § 812(b)(5). By contrast, Schedule I—marijuana’s current classification— is resexved for drugs with a “high potential for abuse,” “a lack of accepted safety for use ... under medical supervision,” and “no currently accepted medical use in treatment in the United States.” Id. § 812(b)(1). Alleging that he suffered from arthritis and osteoarthritis, Thomas claimed that marijuana’s Schedule I classification prevented him from obtaining the drug in order to treat his pain. The district court denied Thomas’s petition for mandamus, holding that the Attorney General “has the discretion to reclassify a controlled substance, and where the action petitioner seeks to compel is discretionary, he has no clear right to relief and mandamus therefore is not an appropriate remedy.” Thomas v. Holder, No. 12-0459, slip op. at 2, 2012 WL 1016184 (D.D.C. Mar. 26, 2012).
Thomas appealed. As he had before the district court, he moved to proceed in for-ma pauperis, or IFP, which would enable him to pay any filing fees in installments over time or possibly not at all. See 28 U.S.C. § 1915(b). Under what is known as the three-strikes provision of the Prison Litigation Reform Act (PLRA), however, a prisoner may not proceed in forma pauperis “if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.” Id. § 1915(g). Thomas has three strikes under the PLRA. See Thomas v. Bush, No. 06-5015, 2006 U.S.App. LEXIS 22767, at 1-2 (D.C.Cir. Sept. 6, 2006). We therefore issued an order requiring Thomas to show *902 cause within thirty days “why he should not be required to pay the full appellate filing fee before the court will consider his appeal.” When Thomas failed to respond, we dismissed the case for lack of prosecution. See D.C. Circuit Rule 38 (providing that the court may impose “[sanctions” such as “dismissal for failure to prosecute”).
Subsequently, Thomas filed two motions that we have construed as requests for reconsideration of our dismissal of his appeal. See Thomas v. Holder, No. 12-5228 (D.C.Cir. Apr. 15, 2013). In these filings, he claimed that he had been “in the hospital for [a] mental health crisis” and had been put on “psychotropic medication.” He also appeared to contend that his inability to pay the required filing fee had prevented him from pursuing his appeal, asserting that he had “no way to send a forma pauperis to the court to pay for the filing fee.”
In response to these filings, we appointed amicus counsel “to present arguments in favor of appellant’s position” and ordered both amicus and the government to brief “whether the ‘three-strikes provision’ of the [PLRA] unconstitutionally denies indigent prisoners access to the courts,” as well as any other issues they saw fit to address. Id. They have ably performed that task.
II.
Amicus and the government dispute several issues, among them whether Thomas would have standing to press the claims he raised in his appeal were we to reinstate it, and whether depriving him of the ability to proceed in forma pauperis would violate the Due Process or Equal Protection Clauses of the Constitution. But we have no need to consider these questions because we agree with the government that there is an independent reason to deny Thomas’s motion for reconsideration: his underlying claims are wholly without merit.
We begin with the principles — or more accurately, the lack of principles— that govern this court’s disposition of motions for reconsideration. No Federal or Circuit Rule expressly gives movants like Thomas any particular entitlement to have their appeals reinstated. Although D.C. Circuit Rule 27(e)(2) provides that a party “adversely affected by an order of the clerk disposing of a [procedural] motion may move for reconsideration thereof within 10 days,” it says nothing about the circumstances in which such a motion will be granted. According to the government, the situation we face here is analogous to that confronting a district court considering a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). In that context, it is well-established that movants must show that their underlying claims have at least some merit. They need not meet a particularly “high bar” to satisfy this threshold requirement, but they must provide at least “a hint of a suggestion” that they might prevail. Marino v. DEA, 685 F.3d 1076, 1080 (D.C.Cir.2012) (internal quotation marks omitted). This is so even if the claims were not originally resolved on the merits but were instead dismissed for failure to prosecute, as they were here. In Lepkowski v. Department of the Treasury, 804 F.2d 1310 (D.C.Cir.1986), for example, the district court had dismissed the case after the plaintiff failed to respond to the defendant’s motion to dismiss, and then later denied the plaintiffs Rule 60(b) motion, which had argued that this failure should be deemed excusable neglect. Id. at 1313. We affirmed, holding in part that “motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense; we cannot escape the fact that the *903 complaint and the proposed opposition were insufficient as a matter of law.” Id. at 1314; see also id. at 1321 (Robinson, J., concurring) (parting ways with the majority as to whether there had been excusable neglect, but agreeing that denial should be affirmed because the claim “ha[d] little or no chance of ultimately surviving”). Likewise, in Murray v. District of Columbia, 52 F.3d 353 (D.C.Cir.1995), the district court had dismissed the case after the plaintiffs failed to oppose a motion to dismiss, then denied their motion for reconsideration. Id. at 355. Affirming, we concluded that we had no need to consider the plaintiffs’ argument that their attorneys never received notice of the motion to dismiss, as plaintiffs had failed to satisfy the “threshold requirement” of showing that there was some “reason to believe that vacating the judgment will not be an empty exercise or futile gesture.” Id.; see also, e.g., Norman v. United States, 467 F.3d 773, 775 (D.C.Cir.2006) (affirming denial of reconsideration of dismissal for failure to prosecute because there was no “underlying meritorious claim”) (internal quotation marks omitted).
We believe the same prerequisite should operate in this case. The requirement that parties seeking Rule 60(b) relief show some prospect of succeeding on the merits flows from the basic principle that courts should revive previously-dismissed claims only if they have some reason to believe that doing so will not ultimately waste judicial resources. See Murray, 52 F.3d at 355. This principle holds true here: reviving Thomas’s appeal will constitute an “empty exercise or futile gesture,” id., unless Thomas has some possibility of prevailing.
Indeed, we see two especially good reasons to condition the grant of Thomas’s motion for reconsideration on his demonstrating a chance of succeeding on the merits. First, Thomas claims that his appeal should be reinstated because the PLRA’s three-strikes provision is unconstitutional as applied to him. For this court to reach out and decide this difficult and important question simply to reinstate a pointless appeal would violate the norm of constitutional avoidance to which we generally adhere. See Kalka v. Hawk, 215 F.3d 90, 97 (D.C.Cir.2000) (“Federal courts should not decide constitutional questions unless it is necessary to do so.”). Second, the PLRA provides that a court “shall dismiss” an IFP litigant’s case if the “appeal ... is frivolous or malicious ... [or] fails to state a claim on which relief may be granted.” 28 U.S.C. § 1915(e)(2). Thus, even were we to grant Thomas IFP status and reinstate his appeal, we would then have to promptly dismiss the case if his claims lack merit. What could be a more “futile gesture” than reinstating an appeal only to then immediately dismiss it?
Amicus concedes that we must deny the motion for reconsideration if Thomas’s underlying claims lack merit, but insists that his claims actually have merit. We disagree.
Recall that Thomas seeks to compel the Attorney General to reclassify marijuana from Schedule I to Schedule V, arguing primarily that the CSA requires such action because of the drug’s accepted medical uses. Significantly, however, he seeks such relief by writ of mandamus, “a drastic remedy” reserved for “extraordinary situations.” In re Papandreou, 139 F.3d 247, 250 (D.C.Cir.1998) (internal quotation marks omitted). Mandamus may be granted only if “(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.” Council of & for the Blind of Delaware County Valley, Inc. v. Regan, 709 F.2d 1521, 1533 (D.C.Cir.1983) (en banc). Mandamus petitioners can satisfy neither of *904 the first two requirements if the act they seek to compel is discretionary, as government officials have no dear duty to perform such acts and petitioners have no clear right to compel them to do so. See Heckler v. Ringer, 466 U.S. 602, 616-17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Here, as the district court explained, the Attorney General has at least some discretion in determining whether and how to classify marijuana. Although, as amicus emphasizes, the statute does provide that the Attorney General “shall” ensure that the provisions of the CSA are applied to the substances as categorized, it also provides that the Attorney General “may” decide whether to transfer a particular substance from one classification to another—precisely the relief Thomas seeks. See 21 U.S.C. § 811. Indeed, confirming that the Attorney General could not possibly have a clear duty to act as Thomas demands, this court held a little more than a year ago that the agency to which the Attorney General has delegated his CSA reclassification authority engaged in no abuse of discretion when it refused to reclassify marijuana as appropriate for medical use. See Americans for Safe Access v. DEA 706 F.3d 438, 449-52 (D.C.Cir.2013). To the extent Thomas also contends that mandamus is warranted because the Attorney General has, in violation of the Eighth Amendment, acted with “deliberate indifference” to Thomas’s suffering, see Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), this claim also necessarily fails. If the Attorney General could properly conclude that marijuana is not appropriate for medical use, he certainly has no clear duty to see that it is provided to Thomas specifically.
Because Thomas has failed to provide even a “hint of a suggestion” that he might succeed, Marino, 685 F.3d at 1080, we see no reason to reinstate his appeal. Accordingly, his motion for reconsideration is denied.

So ordered.