Thomas Edward SMITH, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 14–5253.

United States Court of Appeals, District of Columbia Circuit.

Aug. 4, 2015.

Thomas Edward Smith, Jr., Coleman, FL, pro se.

Warden (Coleman II), United States Penitentiary, Coleman, FL, for Appellant.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: ROGERS, MILLETT, and WILKINS, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed August 27, 2014 denying appellant's motion for relief under Federal Rule of Civil Procedure 60(b) be affirmed. The district court correctly construed appellant's motion as seeking relief under Rule 60(b) rather than Rule 46, which applies at the trial stage, not the post-judgment stage. Moreover, contrary to appellant's argument, the motion that was denied was clearly a post-judgment motion, as it was filed after both the dismissal of the complaint and the denial of appellant's motion for reconsideration.

"[A]s a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia,* 52 F.3d 353, 355 (D.C.Cir.1995). Here, appellant has not satisfied that threshold requirement. The district court was not required to accept as true allegations that "conflict[ ] with facts of which the district court may take judicial notice." *Crisafi v. Holland,* 655 F.2d 1305, 1308 (D.C.Cir.1981) (internal quotation marks omitted). Appellant's allegation that he paid $25 million to the U.S. District Court for the Eastern District of Virginia to satisfy a judgment in his criminal case conflicts with that court's docket, which reflects no such payment, and the documents attached to appellant's complaint do not resolve this conflict. Consequently, appellant failed to show he could have prevailed if the judgment were vacated, and relief under Rule 60(b) was properly denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.