**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1495
_____

ANNA WEBB,

Appellant

v.

UNITED STATES OF AMERICA; JOHN DOES 1-5,
Names being fictitious; ABC CORP 1-3, Names
being fictitious
_____

On Appeal from the United States District Court for the
District of New Jersey
(D.C. No. 2-14-cv-06378)
District Judge:  Hon. Stanley R. Chesler

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 9, 2018

Before:  CHAGARES, VANASKIE, and FISHER, Circuit Judges.

(Filed: May 30, 2018)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Anna Webb filed a lawsuit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671–80, against the United States, alleging that she was injured when she tripped and fell in the parking lot of a Veteran's Administration ("VA") hospital. She claimed that the VA's negligent maintenance of the parking lot caused her injuries. The United States District Court for the District of New Jersey granted the United States' motion for summary judgment. As explained below, we will affirm.

I.

Because we write solely for parties, we will only briefly summarize the essential facts. Webb claimed that she tripped and fell on the sidewalk of a VA parking lot. The United States moved for summary judgment, and the District Court held oral argument, during which the United States argued that Webb had failed to produce any evidence that the defect in the sidewalk Webb identified was the place she fell. After hearing the parties' arguments, the District Court reopened discovery for the limited purpose of deposing Webb a second time, allowing her to describe where she fell. It ordered the parties to submit supplemental briefing within fourteen days after Webb's second deposition. Webb was deposed a second time, but Webb never filed the supplemental briefing.

After the time to file the supplemental briefing expired, the District Court granted the United States' motion for summary judgment, holding that Webb had failed to demonstrate that the claimed defect, a gap between pieces of cement in a sidewalk curb, existed on the day she fell. It considered both of Webb's depositions, and noted that she

2

did not observe the claimed defect until months after she fell and that she could not identify where she fell.

Webb subsequently moved to vacate the District Court's order under Federal Rule of Civil Procedure 60(b), arguing that a family emergency had prevented Webb's attorney from filing the supplemental briefing or requesting additional time to file. The District Court denied Webb's motion, holding that it would be futile to reopen the case because Webb's second deposition did not include information creating a genuine dispute of material fact that would allow her claim to survive summary judgment. Webb timely appealed.

II.

We review a District Court's denial of a motion under Rule 60(b) for abuse of discretion. Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). A district court may deny relief under Rule 60(b) if reopening the case would be futile. See Marino v. Drug Enforcement Admin., 685 F.3d 1076, 1080 (D.C. Cir. 2012); Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 20 (1st Cir. 1992) (collecting cases). Here, the District Court held that vacating the judgment would be futile because, even considering Webb's second deposition, she had failed to submit sufficient evidence to survive summary judgment. Thus, we are called upon to consider the District Court's summary judgment determination, which is a question of law over which we exercise plenary review. Karns v. Shanahan, 879 F.3d 504, 512 (3d Cir. 2018). Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R.

3

Civ. P. 56(a). A plaintiff may not rely on "speculation" to demonstrate a genuine dispute of material facts. In re Wellbutrin XL Antitrust Litig. Indirect Purchaser Class, 868 F.3d 132, 167 (3d Cir. 2017).

The District Court determined that Webb failed to introduce any evidence showing that the defect which she claims caused her fall — a gap in the concrete on a curb — existed when she fell. The record supports this conclusion. During her first deposition, when shown photos of an area within the VA parking lot, she could not identify those locations as the place she fell. In her second deposition, Webb was shown a photograph of a curb that she identified as looking like the place she fell, but the photograph she was shown was never made a part of the record, so it would be speculative to say that the photograph she identified showed a defect. When shown other photographs of a defect, she testified she was unsure whether they showed the place she fell.

Webb claims that she did, in fact, identify the place where she fell. She points to deposition testimony that the place she fell was either the curb of a sidewalk or part of the sidewalk itself. This general description would leave a factfinder to speculate whether or not there was a defect in the place Webb fell. Her proffered expert report describes a defect the expert observed in the VA parking lot, but without evidence showing that the expert observed this defect in the spot where Webb fell, the report is insufficient to create a genuine dispute of material fact as to whether the alleged defect caused Webb to fall. Thus, the District Court correctly held that it would be futile to allow Webb to reopen her case and submit briefs discussing Webb's second deposition because, even considering

that second deposition in its entirety, the United States was entitled to summary judgment.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.