FILED

JUN 13 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES THOMAS REED, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:19-cv-01563 (UNA) |
| | ) | |
| MARK ESPER, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on petitioner's application to proceed *in forma pauperis* and his *pro se* "mandamus complaint." Petitioner requests that this Court issue a writ ordering the Army Board for Correction of Military Records ("ABCMR") to decide his request for a discharge upgrade. Petitioner argues that he submitted his application for correction on August 23, 2016, and that he has not yet received a determination, in contravention of 10 U.S.C. § 557. He does indicate, however, that he corresponded with the ABCMR on February 17, 2019, and two days later, he received a response regarding the general timeline for the determination. Petitioner does not attach the full ABCMR response to the complaint for further evaluation of details or context.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). A petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *Id.* Only if "(1) the

plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Petitioner addresses none of these elements, and thus fails to meet his burden. Additionally, this Court has held that mandamus relief is generally inappropriate as it relates to pending petitions before the ABCMR, given that litigants have the eventual right to pursue their claims through the Administrative Procedures Act. *See Association of Civilian Technicians, Inc. v. U.S.*, 601 F. Supp. 2d 146, 157–59 (D.D.C. 2009); *see also Bland v. Secretary of Army*, 2007 WL 902302, No. 05-02143 (HHK) (D.D.C. 2007) (citing *Levant v. Roche*, 384 F.Supp.2d 262, 271 (D.D.C. 2005)).

Further, in these circumstances, "administrative remedy should be exhausted unless the party invoking the court's jurisdiction can demonstrate special circumstances." *Isenbarger v. Farmer*, 463 F. Supp. 2d 13, 25 (citations omitted). Specific factors are relevant in assessing the exhaustion requirement: "1) the Army's interest in handling internal complaints, 2) the presence of technical issues of fact, 3) the presence of issues whose resolution depends on interpretation of military regulations, 4) the Army's interest in construing its own regulations for the sake of uniformity, and 5) the court's interest in avoiding ruling on unnecessary questions." *Id.* (citations omitted). Petitioner has not addressed any of these specific factors in support of waiving exhaustion. Therefore, petitioner must continue to pursue his administrative claim before the agency, as he has failed to establish the right to mandamus relief or waiver of exhaustion.

For the following reasons, the Court will grant petitioner leave to proceed *in forma pauperis* and deny the mandamus complaint. An Order accompanies this Memorandum Opinion.

DATE: June 12 2019

_____
United States District Judge

J. Boasberg