# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-03150 (UNA) |
| | ) | |
| JOE BIDEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner, a resident of Alabama, has filed a *pro se* petition for mandamus, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For reasons explained below, the court will grant the IFP application and dismiss this matter without prejudice.

The petition is difficult to follow. Petitioner sues the President and the Vice President of the United States. He seeks a writ of mandamus directing respondents to enforce unspecified constitutional rights pursuant to the "Executive Order On Advancing Racial Equity and Support for Underserved Communities Through the Federal Government," and requests a finding that he "do[es] not have to serve any time under Alabama law." He does not explain how this Executive Order is applicable, if at all, to his intended claims, but as far as it can be understood, petitioner contends that the Circuit Court of Houston County, Alabama, granted his petition for writ of habeas corpus and released him from state custody in 2018. He then, in 2019, apparently unsuccessfully filed a lawsuit pursuant to 42 U.S.C. § 1983 and/or another petition for writ of habeas corpus in the United States District Court for the Middle District of Alabama. He contests the determinations and the jurisdiction of the Middle District of Alabama, and also perhaps the Circuit Court of Houston County. It seems as if one or both of these courts either vacated an existing order and/or declined to extend post-conviction relief to petitioner in additional cases.

Petitioner faces several hurdles that he cannot overcome. First, federal district courts generally lack jurisdiction to review or otherwise interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Similarly, this court generally lacks subject matter jurisdiction to review the determinations of other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). Consequently, this court cannot review the determinations of the Middle District of Alabama or the Circuit Court of Houston County, and if he seeks reconsideration of their respective determinations, he must do so in those courts.

Second, to whatever extent petitioner may seek another writ of habeas corpus, or to revisit a previous petition, he is not currently incarcerated, so it is unclear if he standing to demand such relief. A "writ of habeas corpus shall not extend to a [petitioner] unless" he is "in custody" under some authority. *See* 28 U.S.C. § 2241(c). A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other "substantial" non-confinement restraints on liberty, *see, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973) (holding that a petitioner released on his own recognizance pending appeal of his sentence was "in custody" for purpose of habeas). Nothing in petitioner's submissions suggests that he is currently is incarcerated or is otherwise legally restrained, and it is unknown if he is currently supervised on probation or parole.

To the extent that petitioner is still in custody, he still has no recourse in this federal district. Federal court review of state convictions is available under 28 U.S.C. § 2254, but only after the exhaustion of available state remedies. *See* 28 U.S.C. § 2254(b)(l). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Consequently, if petitioner has exhausted his state remedies, he must file for such relief in a United States District Court in Alabama.

Finally, though it is unclear what precise relief petitioner seeks from the respondents, it is notable that this court is without the authority to direct the President of the United States to grant, process, or even consider a pardon request. *See Yelvington v. Presidential Pardon and Parole Attorneys*, 211 F.2d 642, 643–44 (D.C. Cir. 1954) (affirming denial of mandamus petition to compel attorneys to submit inmate's petition for clemency to the President, noting that pardoning power "expressly vests in the President" and "should . . . be free of judicial control").

Moreover, regardless of the relief sought, a writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Petitioner does not address, let alone meet, any one of these elements.

For all of these reasons, this case is dismissed.  A separate order of dismissal accompanies this memorandum opinion.

DATE:  November 30, 2022

_____/s/_____
  JAMES E. BOASBERG
United States District Judge