UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BYUNGHUI LIM, *et al*.,

Plaintiffs,

v.

ALEJANDRO MAYORKAS, *et al.*,

Defendants.

Case No. 1:24-cv-01370 (TNM)

## MEMORANDUM OPINION

Byunghui Lim and Kho Eun Chung are South Korean nationals who have petitioned for admission to this country on immigrant visas. Compl. ¶¶ 7–8, ECF No. 1. They allege that they submitted their visa applications, but that those applications have remained pending without action for 17 months. *Id*. ¶ 17. They therefore sued several officials affiliated with the Department of State, seeking a writ of mandamus that would compel the Government to decide their applications. *Id*. ¶¶ 20–27.

On May 14, 2024, this Court issued an Order to Show Cause. May 14, 2024, Minute Order. It noted that none of the Defendants that Plaintiffs had sued were consular officers as defined by 8 U.S.C. § 1101(9) and 22 C.F.R. § 40.1(d). Plaintiffs therefore likely lacked standing to sue them. *See Yaghoubnezhad v. Stufft*, 1:23-cv-03094 (TNM), 2024 WL 2077551, at *5 (D.D.C. May 9, 2024). The Court ordered Plaintiffs to show cause why this case should not be dismissed for lack of Article III standing.

Plaintiffs' response was due by June 4. That deadline has passed, and they still have not responded. The Court therefore construes their failure to timely answer the Order to Show Cause as a concession to the standing objections that it raised. Further, the Court construes their failure

to answer the Order to Show Cause as amounting to a failure to prosecute. *See, e.g.*, *Thomas v. Holder*, 750 F.3d 899, 901 (D.C. Cir. 2014); *Bonacci v. Comm'r*, 1992 WL 360559, at *1 (D.C. Cir. Oct. 6, 1992); *Allen v. Brown*, 320 F. Supp. 3d 16, 26 (D.D.C. 2018).

Accordingly, the Court will dismiss this case. A separate Order will issue today.

Dated: June 17, 2024 

TREVOR N. McFADDEN, U.S.D.J.

2